25  25
63  210

JOHN BAUER, Respondent, v. J. WALLER TEASDALE, Appellant.

St. Louis Court of Appeals, February 23, 1887.

1. PRACTICE.—A person can not do by indirection that which he is not permitted to do directly.

2. ———— SET-OFF — COUNTER-CLAIM — EXEMPTIONS. — A judgment against an insolvent debtor, purchased for the purpose of using it as a set-off or counter-claim against such debtor, should he seek to enforce a claim which he has against such purchaser, is properly rejected as a counter-claim or set-off, where it appears that the debt sought to be collected by this device is exempt from execution.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

E. J. WHITE, for the appellant: The statute ex-

empts property only from. attachment and execution. Rev. Stat., sects. 2343, 2346. The plaintiff's insolvency can not protect him against a set-off in the hands of one whom he is himself suing. *Field v. Oliver*, 43 Mo. 200; *Fulkerson v. Davenport*, 70 Mo. 541; *Temple v. Scott*, 3 Minn. 419.

MUENCH & CLINE, for the respondent: A judgment can not be purchased and used as a counter-claim for the purpose of preventing a claim of exemption. *Curlee v. Thomas*, 74 N. C. 54; *Wilson v. McElroy*, 32 Pa. St. 82; Thomp. H. & E., sect. 892, *et seq.*

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace on an account for the sum of seventy-five dollars, claimed to be due from the defendant to the plaintiff for the making of a book-case by the latter for the former. The defendant set up before the justice, by way of counter-claim, that he, the defendant, had become the owner of a judgment for $61.25, including the costs, which had been rendered in favor of one Warner against the plaintiff before a justice of the peace, and which had been assigned for value by Warner to the defendant. The justice disallowed this counter-claim and rendered judgment in favor of the plaintiff upon his cause of action against the defendant, from which judgment the defendant appealed to the circuit court.

The cause was tried in the circuit court on an agreed statement of facts, from which it sufficiently appeared that the plaintiff's cause of action against the defendant was just, and that the amount claimed was admitted to be due by the defendant but for the defendant's counter claim; that, prior to the making of the book-case for which the plaintiff brought this action, the defendant purchased, for the sum of five dollars, from his brother-in-law, Erastus H. Warner, the judgment which Warner had recovered as above stated, which

amounted, together with the costs which Warner had paid, to the sum of $61.25 ; that, prior to the assignment of this judgment by Warner to the defendant, execution had issued thereon and been returned *nulla bona*, which fact the defendant knew ; that, at the time when the defendant ordered the making of the book-case of the plaintiff, the plaintiff had no knowledge that the defendant had purchased this judgment against him from Warner. After the making of the book-case the defendant was garnished in another action, by another creditor of the plaintiff, and admitted in his answer an indebtedness of $10.75, due by him to the plaintiff, over and above the amount of this judgment for $61.25 ; and, the plaintiff having waived his right of exemption in respect of this $10.75, judgment was rendered against the defendant for that amount as garnishee, which judgment the defendant paid. This matter was also set up by the defendant by way of counter-claim, and was adjudged in his favor by the circuit court.

But the circuit court found against his counter-claim of $61.25, and rendered judgment against him for what remained due by him to the plaintiff for the making of the book-case, with interest, after deducting the counter-claim of $10.75, above stated. From this judgment the defendant appeals.

It sufficiently appears from the record that the sole purpose of the defendant in buying the judgment against the plaintiff from Warner, his brother-in-law, without informing the plaintiff that he was the owner of this judgment, was to collect the judgment of the plaintiff by using it as a set-off or counter-claim against the demand which would accrue in the plaintiff's favor against him, the defendant, for the making of the book-case. In other words, it was merely a device to collect Warner's judgment from the plaintiff, by depriving the plaintiff of the benefit of the statute. The justice, and after him the circuit court, held that this device ought not to succeed and we are of the same opinion. The

statute, which exempts a certain amount of personal property, or money in lieu of other personalty, in the hands of poor debtors, has always been liberally construed in this state, for the purpose of effecting the intention of the legislature, which is consonant with a sound and humane public policy. The statute would be of little value, if it could be evaded in this way. A month's wages of a laborer are exempt from execution under a statute of this state ; but if such a device as the defendant has here resorted to, should be allowed to succeed, every corporation, or other proprietor employing laborers, would be upheld in buying claims against them at a discount and in setting them off at the end of the month against their wages, thereby allowing their families to starve. We are supported in this view by a case in North Carolina (*Curlee v. Thomas*, 74 N. C. 54), and a case in Pennsylvania (*Wilson v. McElroy*, 32 Pa. St. 82), in both of which it was held, though not on precisely the same state of facts as here, that a set-off would not be allowed where its operation would be to deprive the plaintiff of the benefit of the statute exempting personal property from the payment of debts. See also on an analogous question, *Fielder v. Jessup*, 24 Mo. App. 91 ; *Hagers v. Adams*, 30 N. W. Rep. 36. The cases cited by the appellant (*Field v. Oliver*, 43 Mo. 200, and *Fulkerson v. Davenport*, 70 Mo. 541), relate to the setting off of demands against each other through the interposition of equity where one of the parties is insolvent, and have no application to the question before us ; because, in neither of those cases did the party claiming the aid of equity to secure his set-off, acquire the demand for the purpose of collecting it against an insolvent under circumstances which would deprive him of the benefit of the exemption law.

It is true that the statute (Rev. Stat., sects. 2342, 2343) in terms exempts certain personal property "from *attachment and execution*," and makes no reference to the case of a set-off or counter-claim. But the judg-

ment of a court allowing a set-off or a counter-claim has merely the effect of applying the plaintiff's demand, or a portion of it, to the payment of the defendant's demand against the plaintiff, and is hence in substance a mode of execution, and as we are not to stand upon the letter of the statute, but are to construe and administer it according to its meaning and purpose, we are clear that the defendant's second counter-claim was rightly disallowed. Of course this conclusion does not have the effect of destroying the defendant's judgment against the plaintiff, which he can collect by the execution, whenever the plaintiff shall have acquired sufficient property, above his statutory exemptions, to satisfy it.

The judgment of the circuit court is affirmed, with the concurrence of all the judges.