GEORGE A. WAGNER, Appellant, v. THE J. H. NORTH FURNITURE & CARPET COMPANY, Respondent.

Kansas City Court of Appeals, November 4, 1895.

1. **Exemptions:** DEBTS. A debt, not exceeding $300 due a person, may, at his election in lieu of the specifically exempted property, become exempt from an execution or attachment against him.

2. ———: CONSTRUCTION: SET-OFF. The statute providing for setting off one demand against another must be construed with reference to the exemption statutes; and these statutes are entitled to a liberal construction; and the intention of the legislature should be followed with reason and discretion, though seemingly contrary to the letter of the statute.

3. ———: ———: ———: DEBTS. To subject a debt exempted by statute to a set-off, would be as much a seizure as if impounded under process of garnishment under execution or attachment, and can not be allowed.

4. ———: DEBT: CONCEALING EFFECTS. A set-off can not be pleaded against an exempted debt on the ground that the plaintiff is concealing his property to defeat the defendant's claim.

5. ——: MUTUAL CREDITS: SET-OFF. (ELLISON, J., *concurring*.) Where there are mutual credits between the parties, the law will imply an understanding that the credits in the hands of the one will extinguish, as far as they may reach, the credits in the hands of the other, notwithstanding the statute of exemptions.

*Appeal from the Jackson Circuit Court.*—HON. JAS. GIBSON, Judge.

REVERSED AND REMANDED.

*Burgin & Lawrence* and *Shelley Grover* for appellant.

*W. C. Scarritt* for respondent.

SMITH, P. J.—This is a suit which was commenced by plaintiff against defendant before a justice of the peace, to recover the sum of $112.50 on an account for boarding by the former of the latter's horses. The defendant filed as a set-off two promissory notes, which had been executed by plaintiff to Mark Williams and by him indorsed and delivered to the defendant, one of which was for $100 and the other for $36.71. At the trial in the circuit court, which resulted in judgment for defendant and from which plaintiff has appealed, evidence was offered which tended to prove a statement of facts something like this:

The defendant, an incorporated furniture and carpet company, took the notes already described from Williams, in exchange for furniture and carpets, paying value therefor in that way. At the time of the purchase of the notes, the plaintiff, the keeper of a livery stable in which horses were boarded and cared for, was boarding and caring for the defendant's horses, for which, under an agreement then in force, the defendant was to pay plaintiff $112.50 per month.

The purchase of the notes took place a few days before the first day of February, 1893, when the defendant would be indebted to plaintiff in the agreed sum for the preceding month's board and care of the former's horses. The defendant had expected to pay this amount when it became due with the notes of the plaintiff which it had purchased of Williams, and so when plaintiff called on defendant to make the collection, the latter offered to discharge the same with the notes. To this the plaintiff declined to yield his assent. Previously, on the twenty-seventh of January, the plaintiff had mortgaged all of his personal property, excepting, perhaps, his small household effects, to his mother, to secure her as his indorser on a note for five or six hundred dollars, and on a note of his own to her for $500. The value of the property so conveyed was not much, if any, in excess of the amount of the secured debts. The plaintiff, at the time he claimed the exemption, was the head of a family and then had little or no property, effects, or choses in action, except the debt, to recover which this suit was brought.

At the trial no instructions were asked or given, nor were any exceptions preserved to the admission or rejection of evidence, and it follows, therefore, that if the judgment can be upheld by us on any theory of law applicable to the facts which the evidence tended to prove, it will be affirmed.

The statute provides that certain kinds of personal property mentioned by it, when owned by the head of a family, shall be exempt from attachment and execution. R. S. 1889, sec. 4903. It is further provided, in section 4906, that each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 4903, already referred to, may select and hold exempt from execution, any

other property, real, personal, or mixed, or debts and wages not exceeding $300. Section 4907 further provides that the officer having the execution shall apprise the defendant therein of his statutory right of exemption.

It is thus seen that the plaintiff's demand was exempt from attachment and execution against him, since it did not exceed $300 in amount. Can the judgment of the trial court be sustained on the theory that the plaintiff's demand, though exempt from attachment and execution, was still subject to set-off by the defendant?

The statute also provides that in actions before justices of the peace, a defendant may set off any demand he has against the plaintiff, provided he owned it at the commencement of the action, etc., and that mutual judgments between the parties may be set off, the one against the other. R. S., secs. 6204–6283. The statutory provisions just referred to must be construed with reference to the exemption statutes. Statutes of the latter kind, being benevolent in their character, are always entitled to a liberal construction. Such construction shall be given as shall not suffer the statute eluded. The intention of the legislature is to be resorted to to discover the meaning, and a thing within the letter is not within the statute if contrary to the intention of it. *People v. Ins. Co.*, 15 Johns. 385; *Mallory v. Norton*, 2 Barb. 424. The intention of the legislature should be followed with reason and discretion, though such construction seem contrary to the letter of the statute. *Jackson v. Collins*, 3 Cowan, 89.

The clear and manifest intention of the lawmaking power of the state was to exempt a demand like that of the plaintiff, under circumstances the evidence discloses, from any kind of coercive legal process. If such

demand can not be reached by attachment or execution, is it a demand subject to set-off by a demand like that of defendant? If so, then the exemption statutes are rendered inoperative and nugatory by those in relation to set-off. A strict construction of the statute of exemptions would, perhaps, not protect the plaintiff's demand "from attachment and execution," yet the whole spirit of it is such as we are bound to think. would not subject the demand to any manner of legal seizure. In some of the provisions of our exemption statutes, the language used is "exemption from attachment and execution"—sections 4902, 4903, 4906, 4907—while in others the words "from seizure and sale"—section 4910—or, "seized upon any process"—section 4911. The word "levy" is defined by the statute to mean actual seizure. Section 4918. When the statute says that certain property owned by the head of a family, under certain circumstances, "shall be exempt from attachment and execution," it must be understood as saying that such property shall be exempt from "levy"—that is, seizure under a writ of attachment or execution, for this is the only way such writs become effective.

To subject the plaintiff's demand to defendant's set-off would be as much a legal seizure thereof as if a creditor had impounded it under process of garnishment on an execution or attachment. The legal effect would be the same in either case and therefore it can not be allowed. Waples on Homesteads and Exemp., sec. 5, p. 829; *Smith v. Sills*, 126 Ind. 205; *Jiniker v. Hustus*, 113 Ind. 534; *Puitt v. Beard*, 86 Ind. 172; *Carpenter v. Cool*, 115 Ind. 134; *Beaurer v. Teasdale*, 25 Mo. App. 25; *Collins v. Murphy*, 90 Tenn. 300; *Curlee v. Thomas*, 74 N. C. 54.

Nor do I think the judgment can be upheld, as defendant contends, on the ground that it was shown

that the plaintiff, having a greater number of chattels than was exempt from execution, removed or concealed the same, for the purpose of defeating defendant's claim. According to Freeman on Executions, sec. 212a, if this were so, the plaintiff would not be permitted to claim further exemptions. But the doctrine is otherwise in this state. In *Megahe v. Draper*, 21 Mo. 510, it was said that "if the defendant in the execution, who claims the property to be exempt, has concealed and hid or placed beyond the immediate reach of the officers of justice, his property, and this fact be known to the plaintiffs in the execution let them ferret out the hidden property and take steps to reach it and subject it to the process of the law. If the plaintiff here in the execution asserts that the defendant has concealed his property, let him search out the property with his writ of execution. * * * He has no right to destroy the obvious intention of the statute in favor of the helpless and needy, when he can by garnishment so easily reach the hidden property."

As was further said in the same case, to suffer such a defense to be interposed would at once destroy all the intended benefit of the statutes to those entitled to protection under them. But it will be seen by reference to the statement of the facts which the evidence tended to prove that there is nothing there upon which to base defendant's contention.

Upon no theory of law applicable to the case can the judgment be upheld, and it ought accordingly be reversed and the cause remanded.

ELLISON, J. (*concurring*).—In concurring in the foregoing opinion, we deem it proper to distinguish between the case presented and one where there are mutual credits between the parties. In the latter instance the law will imply an understanding that the

credits in the hands of the one will extinguish, as far as they may reach, the credits in the hands of the other; as if there were mutual accounts between merchants, or brokers. Or, as where A sells provisions to B, and B performs labor for A. In these, and like instances, one credit may be set off against the other, notwithstanding the statute of exemptions. Such statute can have no rightful application to such a case. "The principle, briefly, is that where two persons have trusted each other, and one of them is called to pay his debt, he may consider such debt to the other as a sum in his own hands, upon which he has a lien for the debt due to himself, and in paying his own debt due to the other, he may deduct the amount of what is due to himself; the presumption of law being that he was induced to trust the other by having this pledge in his own hands, or that there was a mutual understanding that the respective debts should be in part paid by such exchange." Quoted by Waterman on Set-off, page 176, from Holt's Bankrupt L. 223.

GILL, J., concurs.