HARVEY LEWIS, Respondent, v. CHARLES GILL, Appellant.

Kansas City Court of Appeals, November 7, 1898.

Set-off: EXECUTION: EXEMPTION: CONSTRUCTION. The statute providing for the set-off of executions must be construed in connection with the statute of exemptions, and where the plaintiff in execution is entitled to his judgment as exempt by the statute, the defendant in execution can not set off an execution in his favor against plaintiff in the first execution even though such plaintiff be insolvent.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

FRANK F. HARL and CRANDALL & SPALDING for appellant.

The method adopted that appellant has the right to set off the judgment against respondent's judgment although respondent is insolvent, is well settled in this state.    Fulkerson v. Davenport, 70 Mo. 541; Simpson v. Hart, 14 John. 64; Field v. Oliver, 43 Mo. 200; Johnson v. Hall, 84 Mo. 210; Barnes v. McMullens, 78 Mo. 260; Watterman on Set-off [2 Ed.], p. 450, sec. 431; Gemmell v. Hueben, 71 Mo. App. 291.

GEORGE P. ROWE for respondent.

"It is settled law that a set-off of one judgment against another will not be allowed unless it is equi-

table to allow it. It seems quite clear that this rule forbids the set-off, when to allow it would be to take from the debtor property which the constitution and statutes declare shall be held by him for the benefit of his family. Millington v. Laurer, 56 N. W. Rep. (Iowa) 533; Wagner v. Fur. & Carpet Co., 63 Mo. App. 206; Curlee v. Thomas, 74 N. C. 51; Junker v. Hustis, 30 Pa. St. 82; 16 N. E. Rep. (Ind.) 197; Thompson, H. & E., sec. 523; Waples, H. & E., sec. 5, p. 829; Butner v. Bowser, 3 N. E. Rep. 889; Haas v. Shaw, 91 Ind. 384.

ELLISON, J.—This cause arises on a motion to set off one execution against another. The circuit court refused to allow the set-off on the ground that respondent (Lewis) was entitled to the amount of his judgment under the statute of exemptions. Gill appeals.

It appears that Lewis sued Gill before a justice of the peace on an account. Gill appeared and filed a set-off of $135 against the claim. Lewis then dismissed his action but Gill proceeded with his claim filed as a set-off and obtained judgment before the justice for the amount thereof. Lewis afterwards re-instituted his action against Gill in the circuit court and obtained judgment for $20. Gill had execution issued on his judgment before the justice and Lewis had execution issued on his circuit court judgment for $20. The question is can Lewis set-off this latter judgment against Gill's judgment for $135, Gill being the head of a family, insolvent and claiming his judgment as exempt under the statute, it being less than such exemption?

We must consider the statute of set-off of executions in connection with the statute of exemptions, as the right of set-off ought not to be allowed to destroy or

nullify the statute of exemption. Wagner v. Furniture Co., 63 Mo. App. 206. Construing these statutes together, we affirm the action of the trial court in rejecting the set-off.

We ruled in the case just cited that where the credits or accounts between the parties were mutual one will extinguish or, so to speak, set off the other. But here nothing of that kind appears.

The equitable rule that insolvency of the party against whom a set-off is evoked will not prevent the allowance of the set-off has no application where the statutory exemptions are claimed and would be nullified by such allowance.

The judgment is affirmed. All concur.