## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1902.

*(Continued from Volume 94.)*

JAMES W. BOWEN, Respondent, v. THE CITY OF
HOLDEN, Appellant.

**Kansas City Court of Appeals, December 2, 1901.***

1. **Exemption:** JUDGMENT: SET-OFF: STATUTORY CONSTRUC-
TION. Plaintiff recovered a judgment for three hundred dollars
against defendant. In a subsequent adjustment of the cost, defend-
ant obtained judgment against plaintiff for a certain amount.
Plaintiff having no other property claimed his judgment as exempt.
*Held*, defendant's judgment could not be set off and thereby reduce
plaintiff's judgment, since the statutes of set-off and exemption must
be construed together.

2. ———: SET-OFF: TORTS: MUTUAL CREDITS. Plaintiff recov-
ered a judgment for an injury received by defendant's negligence.
Defendant recovered a judgment in the adjustment of the cost. *Held,*
the case was not one of mutual credits and the law of set-off was
not applicable, and the judgment was exempt from any claim by way
of set-off or counterclaim.

Appeal from Johnson Circuit Court.—*Hon. Wm. L.
Jarrott*, Judge.

AFFIRMED.

---

* This case did not reach reporter until June 25, 1902.

*Frank B. Fulkerson* for appellant.

(1)   If Bowen had never assigned the judgment at all, it would still be subject to set-off as against him. This was expressly decided in Johnson v. Hall, 84 Mo. 211, and the case has never been overruled by the Supreme Court.   (2)   The judgment in this case is similar to a judgment in case of mutual accounts, only it presents stronger reasons why set-off should be allowed.   This court has held in case of "mutual accounts" the question of exemptions does not apply even when properly raised.   Wagner v. Furniture & Carpet Co., 63 Mo. App. 211; R. S. 1899, secs. 4489 and 4495, Weiss v. Wahl, 5 Mo. App. 410. (3) It would be the greater injustice to permit the amount of plaintiff's judgment to be collected from defendant, and leave defendant to a barren remedy against a bankrupt debtor, plaintiff.   Reppy v. Reppy, 46 Mo. 573, citing Waterman on Set-Off, 80;   Fulkerson v. Davenport, 70 Mo. 541;   Barnes v. McMullins, 78 Mo. 271;   Gregory v. Menefee, 83 Mo. 413; Field v. Oliver, 43 Mo. 203; Duffy v. Duffy, 55 S. W. 1003

*Jas. A. Kemper* for respondent.

(1)   The action of the court in taxing costs was not a modification of plaintiff's judgment, but a separate and distinct judgment for costs, and is not proper subject of set-off where the right of exemption is involved.   If, as appellant contends, it is a mere modification of plaintiff's judgment, then plaintiff has a judgment against defendant for three hundred dollars, and no judgment for costs.   Defendant has no judgment against plaintiff, and plaintiff's judgment has been paid.   (2 )   The rule of law governing set-offs in matters of mutual accounts has no application to this case, being different statutes entirely.   This case must be determined by construing

section 4495, Revised Statutes 1899, in reference to and connection with the statutes of exemption. Said section was not intended to nullify or defeat the operation of the statute of exemption. Wagner v. Furniture & Carpet Co., 63 Mo. App. 211; Lewis v. Gill, 76 Mo. App. 504; State ex rel. v. Finn, 8 Mo. App. 26. (3) The statute relating to set-off must be construed with reference to the exemption statute, and the equity rule can not be invoked to deprive a party and his family of that protection which the statute of exemption was clearly designed and intended to give. Wagner v. Furniture & Carpet Co., 63 Mo. App. 211; Lewis v. Gill, 76 Mo. App. 504; State ex rel. v. Finn, 8 Mo. App. 261. (4) In mutual accounts between two parties, the law presumes a promise, purpose and intention to pay the one by the other, and that the credit was given to the parties upon the strength of such implied promise or relation; whereas, in the case at bar, or in any matter of cross-judgments to which section 4495 would apply, no such principle or condition exists. Wagner v. Furniture & Carpet Co., 63 Mo. App. 211; Lewis v. Gill, 76 Mo. App. 504.

SMITH, P. J.—Plaintiff sued defendant to recover damages for personal injuries sustained in consequence of the negligence of the latter. There was a trial resulting in a judgment for plaintiff for three hundred dollars, with costs. Five days after this judgment was rendered the court, on the motion of the defendant, set aside said judgment as to costs and instead thereof entered a judgment in favor of defendant against plaintiff for the costs. The grounds upon which it changed the original judgment, as just stated, was that the plaintiff had not presented his claim to the city council before commencing his suit, as required by statute in such cases. After the defendant was given a judgment for costs against plaintiff, it paid into the hands of the clerk the amount of said judgment and interest thereon and

then filed a motion to require the clerk to satisfy the judgment in its favor for the costs out of the amount it had paid into his hands in satisfaction of the plaintiff's judgment. At the hearing of this latter motion, it was shown that plaintiff was the head of a family and had no property except the said three-hundred dollar judgment against defendant; and that he claimed said judgment as exempt and not subject to set-off. The trial court adopted the plaintiff's view and so overruled the defendant's motion. Defendant thereupon appealed.

There was an unsuccessful attempt "to kill two birds with one stone," or to satisfy two judgments with one payment, and which would no doubt have succeeded but for the statute of exemptions. It seems to us that the plaintiff, under these statutes as we have several times construed them, was entitled to hold as exempt three hundred dollars of whatever judgment he recovered against defendant on his claim. Nor do we think that the plaintiff could be deprived of his exemption by the statute of set-off or counterclaim. The statute of exemptions (secs. 3159-3162, R. S.), and that of set-off (sec. 4495, R. S.), must be construed together, and the latter should not be so construed as to nullify the former. State v. Hudson, 86 Mo. App. 501; Lewis v. Gill, 76 Mo. App. 504; Wagner v. Furniture Co., 63 Mo. App. 211.

The first of the above cases was where the Vermont Marble Company held the notes of Kendrick & Wagle, on which it brought suit by attachment which failed, but judgment was rendered on the notes against Kendrick. The latter then sued the sureties on the attachment bond for damages. The marble company was made party defendant and was permitted to plead its judgment as a set-off against the claim of Kendrick arising out of the wrongful attachment. While the right of the marble company to its set-off against the claim of Kendrick was upheld, it was subject to Ken-

drick's right of exemption under the statute, or, in other words, it was held that Kendrick was entitled to hold as exempt from the set-off three hundred dollars of the amount of any judgment obtained on the attachment bond.

So in the present case we must think that the plaintiff was entitled to hold as exempt the first three hundred dollars that he recovered on his claim against defendant. This right attached to the claim, and the fact that such claim was merged into a judgment did not alter the plaintiff's rights. When the judgment was rendered in plaintiff's favor, three hundred dollars of it was exempt and his right thereto could not be impaired by any of the provisions of the statute in relation to set-off. If, as was the case, the defendant afterwards obtained a judgment against plaintiff for costs, we can not see that for that reason it was different than if it had been based on any other claim. It could no more override the plaintiff's right of exemption with a judgment of that kind than it could with any other. Of course, if the plaintiff had recovered an amount in excess of three hundred dollars, then the defendant's judgment for costs would have been available as set-off.

The case is not one of mutual credits nor that where two persons had trusted each other, nor that where a presumption of law arises that the defendant was induced to trust the plaintiff by having a pledge or credit in his hands. It is no more than one where the defendant by its negligence subjected plaintiff to grievous personal injuries for which it was legally liable to pay him an indemnity. This indemnity to the extent of three hundred dollars was, we think, exempt from any claim against plaintiff, whether asserted by way of set-off, counterclaim or otherwise. Any other construction would destroy the very intention and object of the statute, the wisdom of which is, doubtless, well illustrated by the present case.

We think the judgment of the circuit court should be affirmed, and it is so ordered.   All concur.