## CORNELIUS J. SMART, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 27, 1912.

1. **NEGLIGENCE: Master and Servant: Injuries to Truckman.** Plaintiff, a truckman, sued for damages for injuries received while assisting in loading a switch frog, weighing 2000 pounds, into a freight car. The work was done under the supervision of a foreman. It is held that the evidence supported the action of the trial court in sending the case to the jury.

2. ———: ———: **Assumed Risks.** The inferiority of the servant's position compels him to rely upon the judgment of the master in respect to those dangers and risks that are not inherent to the service and which the servant, while acting within the bounds of his duty to his master, cannot avoid by the exercise of reasonable care.

3. ———: **Instruction: Measure of Damages.** An instruction on the measure of damages which allows a recovery for medical services and medicines without restriction as to amount, is erroneous where the petition fixes such expenses at a definite sum. Such damages are special, must be specially pleaded, and the recovery limited in the instructions to the amount alleged.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED.

*J. L. Minnis* and *Sebree, Conrad & Wendorff* for appellant.

(1) Defendant's instruction in the nature of a demurrer at the close of all the evidence should have been given, for the following reasons: (a) The evidence shows that defendant was not negligent. (b) Plaintiff assumed the risk of injury in performing the work at the time and place in question. Cunningham v. Journal Co., 95 Mo. App. 47; Shinners v. Mullins, 136 Mo. App. 298; Chrismer v. Telephone Co., 194

Mo. 189.  (2)  Plaintiff's instruction 5 on the measure of damages is erroneous in that the petition alleges "that plaintiff has been at an expense for medicine and medical services in the sum of twenty-five dollars," and the instruction tells the jury that in estimating plaintiff's damages they may take into consideration "the expense for medical attendance (if any) which the evidence shows he has been obligated to pay, or for which he has become liable to pay in consequence of such injury" without limiting the amount of recovery for medical attendance to the amount of twenty-five dollars as alleged in plaintiff's petition. Blystron-Spencer v. Railroad, 152 Mo. App. 118; Radtke v. Basket & Box Co., 229 Mo. 1; Smoot v. Kansas City, 194 Mo. 513; Tinkle v. Railroad, 212 Mo. 445; Heinz v. Railroad, 143 Mo. App. 38.  (3)  Plaintiff's fifth instruction is erroneous in that it tells the jury that in estimating plaintiff's damages it may take into consideration "the permanent disability (if any) which the evidence shows plaintiff has sustained or will necessarily sustain in the future as a consequence of such injury, if any," while the petition does not allege that plaintiff's injuries were permanent.  Blystron-Spencer v. Railroad, 152 Mo. App. 118.

*Hughes & Whitsett* for respondent.

(1)  The question of negligence or no negligence on the part of defendant was for the jury and not the court, and hence the demurrer was properly overruled. (a)  If it was a matter of expert testimony, then Stark's testimony made it a question for the jury. (b)  If it was not a matter for expert information, then it was a question for the jury on all the facts and circumstances in proof.  Fink v. K. C. Southern, 143 S. W. 568; Peek v. Stratton, 143 S. W. 501.  (2)  The petition does allege permanent injuries in the following words: "That his said foot is still swollen and

sore and plaintiff is informed and believes that said injury is of a permanent character and will cause plaintiff to suffer much pain and to be disabled and to lose much time hereafter.'' This is a direct allegation in the usual and ordinary way, supported by numerous authorities, of a permanent injury. (3) This allegation in the petition was not assailed in any manner for insufficiency or lack of specific averment, and therefore all objection to it has been waived. R. S. 1909, sec. 1804; Pomeroy v. Benton, 57 Mo. 550; Bliss on Code Pleading, secs. 436, 437, 438 and 439. (4) It was treated by the trial court, and by counsel for plaintiff and defendant, during the trial as an allegation of permanent injury, and evidence in support thereof, and in opposition thereto, was introduced by both the plaintiff and the defendant without objection. McGinnis v. Printing Co., 122 Mo. App. 228; Fisher v. Co., 159 Mo. 567; Olmstead v. Smith, 87 Mo. 607; Breidenstein v. Bertram, 198 Mo. 328; Ball v. Neosho, 109 Mo. App. 683; Meier v. Butcher, 197 Mo. 68; Britain v. Fender, 116 Mo. App. 93; Bank v. Bank, 114 Mo. App. 663; Sweinhart v. Railroad, 207 Mo. 423. (5) The words ''and plaintiff is informed and believes'' may be disregarded as surplusage, which leaves the direct and specific allegation that the ''injury is of a permanent character and will cause the plaintiff much pain and disability and to lose much time hereafter.'' This objection is captious and without merit. Stone v. Railroad, 161 Mo. App. 37. (6) None of the errors assigned in appellant's brief go to the merits of this case, or were prejudicial to appellant. R. S. 1909, secs. 1831, 1865 and 1850.

JOHNSON, J.—Plaintiff, a truckman employed in defendant's freight house in Kansas City, received personal injuries while in the discharge of the duties of his employment and alleges that his injuries were caused by negligence of defendant. The answer con-

tains a general denial and plea of assumed risk and contributory negligence. The cause is here on the appeal of defendant from a judgment of $500, recovered by plaintiff in the circuit court.

The injury occurred in the afternoon of December 27, 1909, on the loading dock or platform at defendant's freight depot. The platform ran east and west on the north side of the warehouse and a house track ran along the north side of the platform. Freight cars were standing on the track and the gang of truckmen of which plaintiff was a member was employed in transferring a switch frog from a flat car to a box car. The frog was sixteen feet long and weighed 2000 pounds. The gang under the supervision of a check clerk or foreman moved the frog from the flat car to the platform, loaded it lengthwise on an ordinary two-wheeled truck and by pushing and pulling the frog moved to westward on the platform towards the box car.

The truck was only six feet long and was placed under the middle of the frog. The door of the box car was about eight feet wide, the floor of the car was approximately six inches higher than the platform and there was a distance of, perhaps, a foot between the platform and the car. A flat piece of boiler iron three feet square was used as a bridge over this space. On account of the length of the frog the only way in which it could be placed inside the car was to take it through the door in such a position that the line of the frog was on an acute angle with the door sill. It was the purpose of the foreman to wheel the load into the car over the sheet iron bridge on such angle and to do this he had the bridge placed in line with the frog and truck and directed the men to push the load ahead so that the wheels of the truck would run up the bridge into the car. In obedience to an order of the foreman plaintiff went into the car to pull on and to control the forward end of the frog and was thus engaged when he

was injured. The bridge placed in the manner described was on an acute angle with the door sill and, therefore, did not rest squarely nor firmly either on the platform or the door sill. The right hand corner of the platform end was tilted up several inches and on account of this elevation, which rendered the bridge unstable and insecure, the right wheel of the truck, instead of running on to the bridge, pushed it forward and the wheel ran off the edge of the platform causing the frog to fall on plaintiff's foot and injure it. The platform was icy and plaintiff contends its slippery condition enhanced the danger of the method of doing the work pursued by the foreman.

There are three charges of negligence in the petition, viz., first, that the two-wheeled short truck was not a reasonably safe appliance for moving a load of that kind into the car; second, placing the bridge on the angle described and not securing it by cleats or stays was not an act of reasonable care and, third, attempting to roll the load through the door over a bridge so placed was not a reasonably safe method of doing the work.

The principal contention of defendant is that the court erred in not peremptorily directing the jury to return a verdict in its favor. Counsel argue that the evidence does not accuse defendant of any negligent breach of a duty it owed plaintiff but shows that the injury was one of the natural risks of the employment —a risk assumed by plaintiff. There was no defect in any of the appliances employed in moving the frog into the car. The truck was of a type generally used in railroad freight depots and a square of sheet iron is the appliance in common use for bridging the space between platforms and cars being loaded or unloaded. And it may be conceded that the method of trucking heavy loads over such bridges without cleating or otherwise fastening the bridges has the approval of

general usage. The master does not insure his servant against dangers but against his own negligence. [Chrismer v. Telephone Co., 194 Mo. 189.] The duty of the master is to exercise ordinary care towards his servant and this duty relates to methods of work as well as to place and instrumentalities in which and with which to do the work. Where the servant while in the exercise of reasonable care and in the performance of his duty of obedience, is injured in consequence of a negligent and unusual method of work ordered by the master, the latter is liable notwithstanding he has provided a reasonably safe place and reasonably safe tools and appliances. [Kane v. Falk Co., 93 Mo. App. 209; Cunningham v. The Journal Co., 95 Mo. App. l. c. 51.]

But negligence of the master in ordering the work done in a certain manner, cannot be inferred where it appears that such method was according to general usage. "No jury can be permitted to say that the usual and ordinary way commonly adopted by those in the same business is a negligent way for which liability shall be imposed." [Coin v. Lounge Co., 222 Mo. l. c. 506, and cases cited.]

Following these rules we cannot say the evidence of plaintiff will support a reasonable inference of negligence on the part of defendant unless it discloses that the method of loading the frog directed by the foreman was unusual, less safe than the usual method, and not reasonably safe under all the circumstances of the situation.

There is evidence in the record introduced by defendant which tends to show that the foreman adopted the usual method employed in such instances but we think this evidence is fully met by other evidence that supports a reasonable inference of negligence. In our opinion the facts of this case afford a striking example of an improper and negligent use of reasonably safe appliances. To set the bridge askew so that only

Smart v. Railroad.

one corner rested on the slippery platform and then to attempt to push the small wheel of the heavily loaded and tottering truck over the raised corner was to proceed in violation of plain physical law. It is difficult for the percipient mind to conceive of any other result following such an act than the pushing forward of the bridge and the falling of the wheel into the gap between the platform and the car. The jury were entitled to draw the inference that such a method was not one approved by common usage. The common methods of ordinarily careful and prudent men do not fly in the face of physical laws in a way to retard the work and to endanger the safety of the workmen. It is idle to say that the frog which had to be inserted into the car at an acute angle to the door could not be moved in any other manner. There was no necessity for using a truck and certainly none for running the truck over the edges of the platform, for that is what the orders of the foreman amounted to. For all practical purposes the bridge as placed was useless and might just as well have been cast aside. The foreman had rollers used in unloading the frog from the flat car and could have used rollers to run it into the box car. It appears that in his anxiety to save time he chose a method that was speedy but not reasonably safe.

These considerations suggested by the evidence of plaintiff support the action of the trial court in sending the case to the jury. The conclusion is reasonable that the injury was due to negligence of the foreman and not to an assumed risk. We do not find that plaintiff was guilty in law of contributory negligence. He was doing the work assigned him by the foreman to whom he owed the duty of obedience. To be within the confines of reasonable care he was not required by the rules of law to refuse obedience to the master unless the orders of the latter would subject him to obvious and imminent danger. The inferiority of the

servant's position compels him to rely on the judgment and care of the master in respect to those dangers and risks that are not inherent to the service and which the servant while acting within the bounds of his duty to his master cannot avoid by the exercise of reasonable care. The conduct of plaintiff in its relation to the injury was an issue of fact for the jury to determine. The demurrer to the evidence was properly overruled.

Plaintiff alleged in the petition that as a result of the injury he ''has been at an expense for medicines and medical services in the sum of twenty-five dollars.'' His evidence tends to show that such expenses incurred by him exceed the amount alleged. The instruction on the measure of damages allowed a recovery on these items without restriction as to amount. This was reversible error. Such damages are special, must be specially pleaded and the recovery should be limited in the instructions to the sum alleged. We have no means of ascertaining the effect of the error on the jury and, therefore, cannot cure it by ordering a remittitur. [Blyston-Spencer v. Railroad, 152 Mo. App. 118; Smoot v. Kansas City, 194 Mo. 513; Tinkle v. Railroad, 212 Mo. 445.]

Further we find the instruction was erroneous in authorizing the assessment of damages on the finding that the injury is permanent. The petition does not sufficiently allege the permanency of the injury and, therefore, contains no basis for such instruction.

The judgment is reversed and the cause remanded. All concur.