LOLA·B. McDONALD, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 27, 1912.·**

1. **STREET RAILWAYS: Personal Injury: Back to Car: Humanitarian Rule.** A person negligently walking down a street railway track with her back to an approaching car, was in plain view of the motorman for a length of time wherein he might have stopped the car. It was *held* she had a case for the jury under the humanitarian rule.

2. ————: ————: **Instructions: Measure of Damages: Medical Attendance, Medicines and Nurse Hire.** Where the petition in a personal injury case, claims separate certain amounts for medical attendance, medicines and nurse hire, and asks a total sum of ten thousand dollars damages, it is error to instruct the jury to allow her damages and also for medical attendance, medicines and nurse hire in any sum not exceeding ten thousand dollars, without limiting the amount to that claimed in the petition for medical attendance, medicines and nurse hire.

3. ————: ————: ————: ————: **Excessive Verdict: Remittitur.** Where the injuries consisted principally of bruises, some swelling, and sleeplessness for a time, as well as "severe pain," with no broken bones or limbs or other permanent injury, a verdict for $6000 was *held* excessive and ordered reduced to $4000.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED (*conditionally*).

*John H. Lucas* and *Bruce Barnett* for appellant.

It has been held repeatedly in this state that where the petition alleges separately the amount of damages sustained on several elements or items of damage, the instruction on measure of damages should limit the amount of recovery upon each item to the amount alleged in the petition on such item. Radtke v. Basket & Box Co., 229 Mo. 1; Heinze v. Railways Co., 122

S. W. 346; Tinkle v. Railroad, 212 Mo. 471; Smoot v. Kansas City, 194 Mo. 522; Shinn v. Railways Co., 146 Mo. App. 718.

*Joseph P. Fontron* and *A. F. Sherman* for respondent.

Inasmuch as the case of Shinn v. United Railways has been certified to the Supreme Court, it can hardly be taken as an authoritative decision, and we believe that under the prayer of the petition in this case, and under the language of the instruction, that the case falls within the general rules laid down in the cases of Browning v. Wabash Railway Co., 124 Mo. 55; Wheeler v. Boles, 163 Mo. 398; Stutzke v. Consumers Co., 156 Mo. App. 1.

ELLISON, J.—Plaintiff was run upon by one of defendant's streets cars, and suffered injury for which she instituted this action. She recovered judgment in the circuit court for six thousand dollars.

Plaintiff's case is placed under what is known as the humanitarian rule. The evidence tended to show that defendant's railway consisted of a double track and that at the place where she was hurt there was a cinder pathway between the two tracks, commonly used by pedestrians. That plaintiff was walking along in the east track, with her back to the approaching car, while a companion was in the pathway, and had been for such time as to make clear that the motorman saw her, and by ordinary care could have avoided striking her. He gave testimony tending to excuse himself, but as the verdict was for plaintiff, we must accept her version of the matter as the facts of the case. In doing this we are of the opinion that notwithstanding her own negligence, she made a case for the jury under the humanitarian rule.

Besides her injuries, she claimed in her petition to have incurred expense of fifty dollars for medical treatment, five dollars for medicines, and twenty-five dollars for nurse hire, and "that she had been damaged by reason of the foregoing in the total sum of ten thousand dollars." In an instruction given at her instance the jury were authorized to find damages for her injuries, expense for medical treatment, medicines and nurse hire, "in all not to exceed ten thousand dollars."

The instruction is erroneous. It should have confined the jury, in allowing for expenses, to the amounts claimed. As written, any amount could have been allowed inside the limit of ten thousand dollars. [Radtke v. Basket & Box Co., 229 Mo. 1; Tinkle v. Ry. Co., 212 Mo. 445; Smoot v. Kansas City, 194 Mo. 513.]

Plaintiff, however, offers to remit the amount of the claims for expenses, and we would allow it to be done if there were no other just ground of complaint. But defendant we think is fully justified in attacking the verdict as being excessive. Six thousand dollars is altogether disproportionate, under all estimates made in judicial procedure, to the injury sustained. We cannot discover where she suffered any permanent serious hurt. Her testimony is very vague and indefinite. By reading it over we find ourselves not informed that anything of very serious consequence followed. She was bruised about the body by the collision and was made to lose sleep for some time after, and that her injuries "were very painful." There was nothing in the testimony of her physician, added to her own, to justify a verdict for six thousand dollars. A verdict of five thousand dollars, in a much more serious injury, was ordered reduced to four thousand dollars. [Richardson v. Ry. Co., 223 Mo. 325.] In another case where the injury was of more serious

consequence, a verdict of five thousand dollars was re-duced by two thousand dollars. [Briscoe v. Met. St. Ry. Co., 222 Mo. 104.] In yet another case, involv-ing injuries many fold greater than this plaintiff suf-fered, a verdict was reduced from $5500 to $3500. [Dent v. Traction Co., 145 Mo. App. 61.]

We have had many cases in this court in which a plaintiff with injury as great as this plaintiff's, has been satisfied with less than half of this verdict. But we recognize that, within the bounds of reason, the amount of damages which have no certain rule of ascertainment, must be left to the common sense of the jury; and therefore we are aware that different jurors would fix upon different amounts as compensa-tion for like injuries. However, we have concluded it would be liberal to the plaintiff to allow this judg-ment to stand for four thousand dollars, and there-fore if within ten days a remittitur of two thousand dollars is entered, the judgment will be affirmed; oth-erwise, it will be reversed and the cause remanded. All concur.