# THOMAS C. CAMPBELL, Respondent, v. CITY OF CHILLICOTHE, Appellant.

## Kansas City Court of Appeals, January 5, 1914.

1. **INSTRUCTIONS: Damages: Physical Pain.** An instruction is not erroneous, which states that, if the jury find for the plaintiff, they should assess his damages, if any, at such sum as they believe from the evidence will be a fair compensation to him, not, however, to exceed the total sum sued for, because it prohibits a recovery on account of special damages from exceeding the sum alleged in the petition.

2. ――――: ――――: **Loss of Time.** An instruction for loss of time and salary, if any, which the jury may believe from the evidence he has sustained as a direct consequence of the injuries, is not uncertain or speculative, where the evidence in substance and effect showed that the plaintiff had a fixed salary per month, which he lost during the period of his incapacity caused by defendant's negligence.

3. ――――: ――――: **Medicine and Physician's Services.** An instruction for "expenses necessarily incurred" not to exceed a certain amount is not erroneous where there is no variance between the allegation and proof.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*John H. Taylor, T. W. Ashby* and *Frank Sheetz* for appellant.

*Scott J. Miller* and *Scarritt, Scarritt, Jones & Miller* for respondent.

JOHNSON, J.—Plaintiff sued defendant city in the circuit court of Livingston county to recover damages for personal injuries he alleges were caused by negligence of defendant. The action was sent to Linn county on change of venue where it was tried, resulting in a judgment for defendant. On appeal allowed to the Supreme Court the judgment was reversed and the cause remanded. [230 Mo. 435.] Afterward the

Campbell v. Chillicothe.

cause was sent to Randolph county on a second change of venue. A trial in the circuit of that county resulted in a verdict and judgment for plaintiff in the sum of two thousand dollars, and defendant appealed.

The evidence introduced at the second trial is substantially the same as that considered by the Supreme Court on the former appeal and we refer to that decision for a statement of the facts of the case. The only questions raised by defendant for our determination relate to the second and third clauses of plaintiff's instruction on the measure of damages which was as follows:

"If the jury find for the plaintiff, they should assess his damages, if any, at such sum as they believe from the evidence will be a fair compensation to him, not, however, to exceed the total sum sued for, $10,-000; first, for any physical pain and mental anguish suffered and endured by him on account of said injuries, if any; second, for loss of time and salary, if any, which the jury may believe from the evidence he has sustained as a direct consequence by reason of the injuries, if any; third, for the reasonable value of any expenses necessarily incurred, if any, for medicine and physician's services, which the jury may believe from the evidence the plaintiff has directly sustained on account of the injuries, if any, not to exceed $150, the sum sued for."

The allegations of the petition referring to special damages are that plaintiff "was put to large expense for physician's services and medicine in the sum of $150;" and that plaintiff "was traveling salesman for a large boot and shoe company, and received from said company a large compensation for his services, as a traveling salesman. That as a direct consequence he was unable to represent said company as its traveling salesman, for a period of nearly six months and by reason thereof said salary and compensation was not paid to him by said boot and shoe

company, to his damage in the sum of fifteen hundred dollars ($1500.)''

Plaintiff testified, and the testimony is uncontradicted and was the only evidence introduced on the issue of special damages, that his reasonable expense for physician's services was $100 and for medicine about thirty dollars. As to loss of earnings he stated that at the time of his injury he was employed as a traveling salesman by a wholesale boot and shoe merchant and that under the terms of his contract of employment he had a drawing account of $100 per month and in addition was to be allowed a commission of three per cent on his sales in excess of $40,000, per year. He lost his salary for the time his injuries prevented him from working which the evidence shows was about four months and a half.

That part of the testimony relating to the agreement for a commission was objected to by defendant as too speculative and was stricken out by the court with the admonition to the jury not to consider "that evidence either in making up your verdict or considering the case." The first point made by defendant is that the instruction is erroneous "as the jury is instructed to find for the plaintiff for loss of salary, there being no evidence as to any loss of salary," citing Ingles v. Railroad, 145 Mo. App. 241; Palmer v. Railroad, 142 Mo. App. 440; McNeil v. Cape Girardeau, 153 Mo. App. 424.

The rule applied in those cases that where the value of lost time can be accurately measured plaintiff must produce the necessary evidence has been fully met. The argument of defendant proceeds from a misunderstanding of plaintiff's testimony relating to the terms of his contract of employment. That contract permitted him to draw $100 per month regardless of the amount of his sales. We quote from his testimony: "Q. You were getting $100 a month? A. Yes, that was my drawing account. Q. You got

that whether you sold five cents worth of goods or not? A. Yes. Q. Was that paid to you while you were off the road? A. No, sir, because I was not able to travel.''

There is nothing uncertain or speculative in this evidence. In substance and effect plaintiff had a fixed salary of $100 per month which he lost during the period of his incapacity caused by defendant's negligence.

Next it is argued by defendant that the instruction was bad because it failed to limit the recovery for lost earnings to the amount alleged in the petition, citing Rush v. Railroad, 157 Mo. App. 504; O'Donnell v. Railroad, 152 Mo. App. 606; Radtke v. Box Co., 129 Mo. 1; Smoot v. Kansas City, 194 Mo. 513; Tinkle v. Railroad, 212 Mo. l. c. 471; Heinze v. Railway, 143 Mo. App. 38; Smart v. Railroad, 164 Mo. App. 61; Walters v. United Railways, 165 Mo. App. 678; McDonald v. Railway, 164 Mo. App. 111.

Loss of earnings is a special damage which must be specially pleaded and proved and in the cases cited the rule is applied that prohibits a recovery on account of such damages from exceeding the sum alleged in the petition. Frequently the evidence in cases of this nature shows that the amount of the special damage exceeded that stated in the petition but manifestly it would be unjust to allow the plaintiff to recover greater damages than he has called upon the defendant to meet; hence the rule under consideration.

Thus in Rush v. Railway, supra, the petition claimed damages for $1000 for lost time, while the instruction which was based on evidence fixed the maximum limit of such damages at $3000, and in Smart v. Railroad, supra, the evidence sustained and the instruction allowed an assessment of damages in excess of the amount pleaded.

The same state of case obtained in the other cases relied on by defendant. It is not the rule and no log-

ical or practical reason could be given for one which would require the instruction on the measure of damages to specify the amount of the alleged special damage in an instance such as the present where the maximum amount of such damages shown by the evidence would not support a recovery for lost earnings exceeding $450, while his petition places the amount of that damage at $1500. He was not entitled to recover damages in excess of such evidentiary bounds and the court would have erred had its instructions fixed the limit of such damage at the pleaded sum. Nor was it essential that the instruction should specify the evidentiary limit of such damage. As is well observed in the recent case of Shinn v. United Railways Co., 248 Mo. 173, decided by our Supreme Court, we must assume, nothing to the contrary appearing, that the jury would not bring in a verdict contrary to the evidence and would not assess damages in excess of those supported by evidence. We regard that decision as authority for the proposition that the rule requiring the instructions to restrict the assessment of a special damage to the alleged sum applies only to cases where the evidence would support a greater recovery and not to cases where the evidence most favorable to plaintiff discloses that such damage was less in amount than that alleged.

The rule has a sensible and practical, not an arbitrary or theoretical object to serve. A person injured by the negligence of another is entitled to just compensation, but not to any compensation not demanded in his petition nor supported by proof and the object of the rule is to confine the recovery to such limits in cases where the jury, if not properly instructed, might be guided solely by evidence showing a cause of larger ambit than that pleaded.

Objection is made to the third clause of the instruction which relates to "expenses necessarily incurred, if any, for medicine and physician's services."

The ground of the objection is that the petition alleges such expenses had been paid by plaintiff while the proof shows that they have been incurred by plaintiff but not paid. The objection may be answered with the observation that the petition does not allege payment but that plaintiff "was thereby put to large expense," etc. There is no variance between allegation and proof and we assume it would not be contended that plaintiff is not entitled to recover expenses he has become bound to pay but has not yet paid.

There is no prejudicial error in the instructions and no merit in the final suggestion in the argument of defendant that the verdict was excessive. Both bones of plaintiff's leg were broken and he sustained a pecuniary loss on account of this painful injury of about $600. A verdict of $2000, was very reasonable and carries no intimation of passion or prejudice.

The judgment is affirmed. All concur.