B. F. McKee et al., Respondents, v. Lorenzo Cottle, Appellant.

### January 14, 1879.

Seisin, in law, of a reversion by the wife during coverture gives the husband curtesy in the lands.

Appeal from St. Charles Circuit Court.

*Reversed and remanded.*

Wm. A. Alexander, for appellant: Actual possession by the wife is unnecessary to entitle the husband to curtesy. — *Reaume* v. *Chambers*, 22 Mo. 37; *Harvey* v. *Wickham*, 23 Me. 15; *Stephens* v. *Hume*, 25 Mo. 349.

Edwards & Breker, for respondents: Lorenzo Cottle is not entitled to a tenancy by the curtesy, for the reason that neither he nor his wife, Sarah Ann Cottle, had a seisin, in deed or law, of the dower-tract during coverture. — *Carr* v. *Givens*, 9 Bush, 679; *Malone* v. *McClain*, 4 (40) Miss. 162; *Day* v. *Cochran*, 24 Miss. 276; *Rabb* v. *Griffin*, 26 Miss. 582; *Redus* v. *Hayden*, 43 Miss. 614; *Ferguson* v. *Tweedy*, 43 N. Y. 543; 1 Bac. Abr., tit. "Curtesy;" 1 Washb. on Real Prop. (3d ed.), sects. 8, 13, 24, 33, tit. "Curtesy;" 1 Wag. Stats. 542, sect. 21. Upon a descent cast, seisin is unnecessary in Missouri. By descent cast is meant where the possession and fee descend to the heir, and the descent is complete. — *Reaume* v. *Chambers*, 22 Mo. 54; *Harvey* v. *Wickham*, 23 Mo. 113; *Stephens* v. *Hume*, 25 Mo. 349.

Lewis, P. J., delivered the opinion of the court.

In 1853, James Green died, leaving a widow and seven children, one of whom, Sarah Ann, married Lorenzo Cottle a few months after her father's death. In 1855, there was partition of the decedent's lands, when the tract of one hundred and twenty-three acres here in controversy was allotted to the widow for her dower. Sarah Ann Cottle

died in 1862, having given birth to a daughter, Missouri Ann, who married R. A. Fowler and survived her mother, but afterwards died. In 1876, after the death of Sarah Ann and Missouri, the widow Green died; and in 1877, a suit was instituted for partition of the dower-tract among the remaining heirs of Green. In this proceeding Lorenzo Cottle obtained leave to interplead, claiming an interest as tenant by the curtesy of his deceased wife's share. His interplea was demurred to; the demurrer was sustained, final judgment was entered against him, and he appealed to this court.

The point made upon the demurrer is that there could be no tenancy by the curtesy in the interpleader, for want of seisin in the wife during coverture. The widow of James Green held possession, as dowress, until long after the death of Mrs. Cottle. But it is urged by the appellant that his interplea avers actual seisin by Mrs. Cottle, as heir of her father, after her marriage and before the assignment of dower to her mother; that this fact is admitted by the demurrer, which, therefore, ought to have been overruled. To this the respondents answer that the averment of seisin in the interplea is coupled with an allegation which defeats its assumed legal effect, to wit: the allegation touching the assignment of dower, and the widow's seisin thereupon. It is asserted to be the rule that, notwithstanding an intervening possession by the heir when dower is assigned, the seisin of the widow is held to have been anterior to that of the heir, and thus to have rendered it null for every purpose. If this position be correct, and if actual seisin of the wife during coverture be essential to a tenancy by the curtesy, it will follow that the demurrer was properly sustained, notwithstanding the averment of seisin in Mrs. Cottle. For the whole pleading must be taken together; and if one averment be superseded or destroyed in legal effect by another, it is as if the first were not in the pleading at all.

There are both English and American authorities for the rule as stated by the respondents. An elementary writer

expresses it thus : "So where a daughter becomes, during coverture, seized as heir to her father, and the mother has her dower set out of the same lands, it defeats the seisin of the daughter in the lands so set out, and with it the husband's curtesy ; since the widow's seisin, when consummated by the setting out of her dower, is considered as anterior to that of the daughter as heir, and of course converts the latter into that of a reversion." 1 Washb. on Real Prop. 132. It thus appears that the rule rests upon the doctrine, prevailing in England and in some of the American States, that a tenancy by the curtesy cannot result from the wife's title to a reversion. In *Stoddard* v. *Gibbs*, 1 Sumn. 263, it was held by Judge Story that "a husband is not entitled to a life-estate, as tenant by the curtesy, of any remainder or reversion owned by his wife, but only of real estate of which she has an actual seisin and possession in fee." The decision was based upon the statute of Rhode Island, but this was shown to be in harmony with the common-law rule. The distinguished jurist declares that "there can, technically speaking, be a seisin in law of a reversion, though not in deed." But the seisin in law is held insufficient to support a tenancy by the curtesy.

An analysis of the doctrine, as the respondents apply it to the present case, will discover the following elements : *First*, actual seisin in the wife during coverture is essential to a tenancy by the curtesy ; *second*, there is no actual seisin in the case of a reversionary interest ; *third*, a wife's interest, as heir of her father, in dower lands assigned to her mother, is reversionary merely, and therefore not a subject for tenancy by the curtesy. It is thus seen that the whole strength of the respondent's claim depends upon the sufficiency of the first proposition,

The rule at common law finds its origin and foundation in the supreme importance attached to seisin in all matters of transfer under the feudal system. A descent passed only to the heir of the person last seized. The maxim was,

*Seisina facit stipitem.* Thus, if A. inherit lands from his father, and, having acquired actual seisin, die, leaving B., a brother of the half-blood, and C., his sister and heir, B., by the rule which excludes relations of the half-blood, will inherit nothing, and C. will take the whole estate. But if A. was never actually seized, B. will take the estate by inheritance from his father, who was the person last seized. It is needless to say that under our system no such consequence could ensue. Another illustration is found in the English rule that without seisin in the testator a devise cannot take effect. Not so with us. Ownership, whether with or without seisin, is all that our law requires. Other illustrations of the potency of seisin in English jurisprudence might be numerously cited, but these will suffice.

In *Bush* v. *Bradley*, 4 Day, 298, the subject was examined with reference to the law of descents in Connecticut, and it was determined that in that State the husband might be tenant by the curtesy of lands in which the wife had title, but of which she was not actually seized during coverture. It does not appear whether, in that case, the wife owned a mere reversion or not. The decision was based upon the general inapplicability to American descents and transfers, of the English rules concerning seisin.

The question here presented would seem to have been settled long ago by our Supreme Court in *Reaume* v. *Chambers*, 22 Mo. 36. It was there declared that such an idea as that actual seisin of the wife's land was necessary to entitle the husband to curtesy had never prevailed in Missouri. Said Judge Scott: " Whatever may be the common law on the subject, the circumstances of the country demand a modification of the rule. * * * Descents with us depend not on actual seisin, but on the statute regulating descents, and we have allowed the conveyance of lands whilst in the adverse possession of others." The argument of respondents, however, denies the application of that decision to the present case. The land there in controversy

was simply unoccupied, and no element of dower or of reversionary interest entered into the question. We have on this account discussed the subject more at length, for the purpose of showing that the efficacy of those elements in denying curtesy, under the authorities cited, rests at last upon the original rule, which in general terms requires actual seisin in the wife. Thus the Missouri decision, in taking away the foundation, destroys the respondent's entire claim, however constructed out of the peculiar elements of the case before us. We think that under our system there is no need to recognize the subtle fiction which makes the seisin of the dowress anterior to that of the heir, even though the contrary may be the palpable fact. Nor need we inquire whether or not there may be seisin of a reversion. Missouri law allows the transfer or devolution, whether by natural causes or by voluntary acts, of any interest or ownership which one may hold in real estate, whether actual seisin be present or not. According to Judge Story, as before shown, there was even in this case a seisin, in law, of the reversion held by Mrs. Cottle during her coverture.

We are therefore of opinion that the demurrer to the interplea ought to have been overruled. The judgment will be reversed and the cause remanded. All the judges concur.