MORRIS SHERMAN, Respondent, v. C. A. ROCKWOOD, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1. PRACTICE—PLEADING IN JUSTICES' COURTS AND IN TRIAL DE NOVO ON APPEAL.—In actions instituted in justices' courts' no formal pleadings are required, and the *general issue* obtains, under which the defendant may interpose *any matter which goes to defeat* the plaintiff's cause of action. On a trial *de novo*, on appeal, the same rule would apply. The parties, if they see fit, may state their case to the court and jury. Under *ordinary* circumstances of good faith the largest liberality is to be. indulged by the courts in such trials, yet it must be *in furtherance of justice*.

2. ——— DEFENCE NOT GENUINE—TRIFLING WITH ADMINISTRATION OF JUSTICE—CASE ADJUDGED.—Where a person was attempting to make a "joke" of a solemn judicial proceeding, and looking rather for a trap of error in which to catch the trial court than to vindicate any substantial, legal right, this court will not spring the trigger for him.

APPEAL from Vernon Circuit Court, HON. E. E. KIMBALL, Special Judge.

*Affirmed.*

Statement of case by the court.

This action was instituted in a justice's court, to recover the value of a horse sold by plaintiff to defendant for the sum of one hundred and fifty dollars. Plaintiff recovered judgment, and defendant appealed to the circuit court. When the cause came on for trial in the circuit court, the plaintiff made to the jury an oral statement of what he expected to prove. Thereupon, the defendant stated that he denied any liability, and that his defence would be developed as the. trial progressed.

The plaintiff's evidence showed that defendant came to his store and proposed to buy the horse in question ;

that plaintiff expressed an unwillingness to sell the horse, as it suited him. On defendant's insisting the plaintiff consented to take one hundred and fifty dollars in cash. Thereupon, the defendant stepped to the desk, and drew a check on a bank in Nevada for that sum, and holding it up, so that its face could be seen by a party present, but not by the plaintiff, said : "Bring the horse around in the morning and let me see him, and I will examine him, and if he is what I think he is I will take him." The check was placed in the hands of the third party in the store. Next morning plaintiff took the horse around as agreed, and after looking at him the defendant gave the plaintiff an order on said third party for the check, and plaintiff delivered to defendant the horse. Plaintiff immediately obtained the check, and presented it to the bank for payment. The cashier refused to pay it, on the ground that he had been notified by the defendant not to pay it. The cashier then called plaintiff's attention to the fact that just after the words, "Thornton Banking Company," were written in a very fine hand the words, "one day after death," thereby making the check payable one day after death. Plaintiff's evidence tended to show that, when the defendant exhibited the check at the store he held his thumb over these words, and that they were not discovered by him until the cashier called his attention to the fact. On demand made of the defendant he refused to pay the purchase money. On the cross-examination of the plaintiff the defendant asked him, if he did not, at the time of the purchase, state that the horse was sound ? To this the plaintiff objected, for the reason that the defendant in his statement tendered only the general issue, and had not therein given notice of the defence of breach of warranty. The court thereupon remarked that he understood the defence interposed was only the general issue.

Defendant's attorney then stated that he relied, first, on the fact that the trade was a joke, and, second,

if the jury did not so find, he claimed there had been a breach of warranty. The court thereat remarked that the two defences were inconsistent, and that defendant could elect on which defence he would rely, and unless he elected to stand on the breach of warranty he could not allow the proof.

The defendant offered no evidence to support the claim that the trade was a joke; but did offer to show that the horse was sold to him as sound, when, in fact, he was not sound; that he was almost blind in one of his eyes, and that plaintiff knew this fact. The offer was rejected.

Verdict and judgment for plaintiff, from which defendant has appealed.

D. P. STRATTON and G. S. HOSS, for the appellant.

I. The court *erred* in refusing to permit defendant to *cross-examine* plaintiff as to his *representations* concerning the *soundness of the horse* at the time of the trade. The court erred in *sustaining the objection* to the testimony offered by the defendant, tending to prove that the plaintiff made false and fraudulent representations as to the *soundness of the horse* at the time of the sale. *Hoffman v. Parry,* 23 Mo. App. 20, and cases therein cited.

II. No *pleading* was required in this case, and "a general denial" was not pleaded. The court says he construes the expression or statement, "the defendant denies any liability," to be a general denial. Admitting it to be a general denial, it was competent to introduce the testimony offered by defendant under it; for if the sale was effected through false or fraudulent representations as to the animal's soundness, then plaintiff never, at any time, had a cause of action, *as the fraud would avoid the contract.* The defendant never offered any testimony to support the theory that the trade was a joke, and *until he did,* the court should not decide as to

whether the defences were *inconsistent*. The defendant
was clearly entitled to *prove fraud* in the sale of the
animal and a *breach of warranty* of its soundness.

Gordon & Hoss, for the respondent.

I.   The issues before this court arise out of the
action of the circuit court in *refusing to permit the
defendant to cross-examine* plaintiff as to an alleged
breach of warranty as to the soundness of the horse
at the time of the trade. In refusing to permit the
defendant to introduce testimony tending to *prove
that plaintiff had committed a breach of warranty*,
in falsely and fraudulently representing the horse to be
sound at the time of the sale, the court *committed no er-
ror*, nor in refusing to permit defendant to *cross-examine*
plaintiff, or to introduce other evidence tending to prove
plaintiff's representations concerning the alleged *breach
of warranty* of the soundness of the horse at the time
of the sale. *Such a defence was not pleaded*, or properly
pleaded, *and must be*, otherwise defendant will be pre-
cluded from giving evidence of it at the trial. *Dorrett
v. Donnelly*, 38 Mo. 492; *Northrup v. Ins. Co.*, 47 Mo.
435; *Adams v. Trigg*, 37 Mo. 142; *Coble v. McDaniel*,
33 Mo. 363; *Bauer v. Wagner*, 39 Mo. 385.

II.   Pleading *conditionally*, or in the alternative,
is not allowable and should be avoided. *Bauer v.
Wagner*, 39 Mo. 385. Trials in *the appellate court*
(circuit) are governed by the practice in such court, and
while no *written pleadings* are required in a case of this
kind, yet a party is not at liberty to improperly plead,
or to interpose *inconsistent defences*. 1 Rev. Stat., p.
512, sect. 3061.

Philips, P. J.—No candid mind, on reading this
record, can escape the impression that the whole conduct
of the defendant throughout this transaction was most
reprehensible.

It is true that in actions instituted in justices'

courts no formal pleadings are required, and that the general issue obtains, under which defendant may interpose any matter which goes to defeat the plaintiff's cause of action. On a trial *de novo*, on appeal, the same rule would apply. The parties, if they see fit, may state their case to the court and jury. By the statement first made to the jury the defendant indicated that he tendered the general issue. He denied any liability, which implied that he put in issue the contract of sale, or something that had supervened to relieve him from liability. It may be conceded that he had the right, without any notification to the plaintiff previous to issue joined, to make proof of the warranty and the breach thereof. This would not defeat the cause of action. The defendant had accepted the horse with a warranty of soundness, as he claims. Courts of high authority hold that this defence would be in the nature of a counter-claim on the contract of warranty, or by way of recoupment of damages out of the purchase money. Speaking for myself, he might show a failure of consideration.

Be this as it may, by this defence he would logically admit the contract of sale, and rely upon a breach of its terms; whereas he openly stated to the court that his first defence was, that the whole transaction was a joke; that, in fact, there was no contract of sale, and that (only) in the event the jury found this issue against him would he claim there was a sale and a breach of the warranty. By every rule of pleading and common sense these positions were irreconcilably inconsistent, and destructive, the one of the other. While under ordinary circumstances of good faith, the largest liberality is to be indulged by the courts in such trials, yet it must be in furtherance of justice.

The trial court advised the defendant of the inconsistency of the two defences, and offered to allow him to elect. If the sale was a joke, there was no sale, and no contract in contemplation of law. If there was no con-

tract, there was no warranty. By this defence the defendant denied, in effect, the existence of a warranty. How could he state the facts in open court, and then turn around, against the legal effect of his admission, and claim there was a warranty? On the other hand, by invoking the warranty he would admit there was no joke, that there was a sale. The court asked him to take his choice between these two destructive positions, to save the defendant from a logical *felo de se*. He refused the offer. Plainly he was trifling with the administration of justice, and indicating that he had no genuine defence. He was attempting to make a "joke" of a solemn judicial proceeding, and looking rather for a trap of error in which to catch the court than to vindicate any substantial, legal right. This court will not spring the trigger for him.

The judgment of the circuit court is affirmed. All concur.