SADIE GABRIEL, Respondent, v. METROPOLITAN
STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

1. **NEGLIGENCE: Pleading: Inconsistent Averments: Evidence.**
Where the statements of a petition are so repugnant to each
other that the testimony brought to support them would neces-
sarily be equally repugnant and amount to no support at all,
the petition is bad.

2. ———: ———: ———: ———: **Stopping Car: High Speed.**
Where a petition avers negligence in failing to observe the in-
jured party in time to avoid the injury and also that the speed
of the car was so high that it could not be stopped after the dis-
covery of the injured party by reasonable care, in time to avoid
the injury, the averments are inconsistent and the petition
fatally defective.

3. ———: ———: ———: ———: ———: ———: **Humanitarian Doctrine.**
Where the allegation and proof show the car was run at such a
rate of speed as to prevent its being stopped before the injury
after the discovery of peril, it is error to submit the case to the
jury on the humanitarian doctrine.

4. ———: **Evidence: Discovery of Danger: Humanitarian Doc-**
**trine.** Where the actions of a party on the track indicate he is
not aware of his peril the motorman in charge of a street car
should use reasonable diligence to stop the car or avert the
peril, and his failure to do so is negligence; but the mere fact
that a person is on the street with the evident purpose of cross-
ing the track when the car is approaching is not evidence in
itself that he intends to place himself in a position of peril.

5. ———: ———: **Stopping Car.** The evidence relating to the
death of a six-year-old girl who undertook to cross the street car
track in front of an approaching car is reviewed and the motor-
man is held to have been free of negligence in failing to stop the
car.

6. ———: **Infant: Contributory Negligence.** In considering the
evidence no negligence whatever is imputed to the deceased, a
girl six years old on account of her age.

Appeal from Jackson Circuit Court.—*Hon. Thomas H.*
*Reynolds,* Special Judge.

REVERSED.

*John H. Lucas* and *Halbert H. McCluer* for appellant.

(1) The petition did not state facts sufficient to constitute a cause of action. Raming v. Railroad, 157 Mo. 508; McKee v. Cottle, 6 Mo. App. 417; Sherman v. Rockwood, 26 Mo. App. 407; England v. Denham, 93 Mo. App. 19; Adams v. Trigg, 37 Mo. 141; Darrett v. Donnelly, 38 Mo. 494; Haley v. Railroad, 197 Mo. 13-25; Grant v. Railroad, 102 S. W. 1029. (2) The court erred in overruling defendant's objections to the introduction of any testimony. Authorities under Point 1. (3) The court erred in not giving defendant's instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's case, and again at the conclusion of all the evidence. Authorities under point 1 and also the following: Reno v. Railroad, 180 Mo. 486; Van Bach v. Railroad, 171 Mo. 338; Kellny v. Railroad, 101 Mo. 75; Markowitz v. Railroad, 186 Mo. 350; Boring v. Railroad, 194 Mo. 541; Eppstein v. Railroad, 197 Mo. 733; Boyd v. Railroad, 105 Mo. 371; Schmidt v. Railroad, 160 Mo. 52; Percell v. Railroad, 103 S. W. 1038; Hogan v. Railroad, 150 Mo. 54; Lloyd v. Railroad, 128 Mo. 601.

*Meservey & German* for respondent.

(1) The petition is not subject to the objection that it does not state facts sufficient to constitute a cause of action. Welch v. Mastin, 98 Mo. App. 273; Jones v. Railroad, 178 Mo. 528; Hyatt v. Legal P. Assoc., 106 Mo. App. 610; Childs v. Railroad, 117 Mo. 414; Haley v. Railroad, 197 Mo. 25; Seiter v. Bischoff, 63 Mo. App. 157; Oglesby v. Railroad, 150 Mo. 155. (2) The instructions in the nature of a demurrer to the evidence at the conclusion of plaintiff's case and again at the conclusion of all the evidence were properly refused. Meeker v. Railroad, 178 Mo. 173; Livingston v. Railroad, 170 Mo. 452; Butler v. Railroad, 117 Mo. App. 354;

Gunn v. Railroad, 26 S. E. 546; Winters v. Railroad, 99 Mo. 509; Gruebel v. Railroad, 108 Mo. App. 548; Mullin v. Transit Co., 196 Mo. 572.

BROADDUS, P. J.—The plaintiff as the surviving parent brings this suit to recover for the death of her infant daughter six years of age, who was killed on the 14th day of August, 1906, by being run against by one of defendant's electric cars going east on Fifth street, near its intersection with Cherry street, in Kansas City, Missouri.

The petition alleges that the death of the child was caused directly by the negligence of defendant in conducting and operating its car while she was with due care walking along said street in full view of the servants and agents of defendant. The specific grounds of negligence are substantially as follows: That defendant failed to ring its bell so as to notify the child of its danger, on account of the approaching car; that defendant employees did not stop the car or lessen its speed, although by the exercise of ordinary care they might have seen the child in time to have done so and prevented the injury; that the position of the child on or near the track of defendant in a place of danger was known to the defendant's agents in charge of the car, or could by the exercise of ordinary care and diligence have been known to them in time to have stopped the car or slackened its speed and to have notified the child in time to have avoided striking her; that the agents and servants of defendant negligently ran said car so rapidly and at such a high rate of speed, . . . so that the control of said car was lost, and it was beyond the power of the brakes with which said car was equipped to stop the same in time to avoid the injury heretofore alleged, after said agents of defendant knew that the child was upon the track or so close thereto as to be struck by the car, or by the exercise of ordinary care might have known that plaintiff's child was upon said

track, or so close thereto as to be struck by the car; that defendant's agents in charge of the car failed and neglected to keep a proper lookout for persons upon or close to said track as said car was run by them on the street; and that defendant's agents were at the time of the injury, or immediately prior thereto running the car at a rate of speed in excess of that permitted by ordinance.

At the trial defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action. The objection was overruled. The parties respectively introduced evidence, and the cause was submitted to the jury which returned a verdict for plaintiff in the sum of $3,500 upon which judgment was rendered and defendant appealed.

The first question raised is as to the sufficiency of the petition. The defect assigned is that it is inconsistent with itself. One of the allegations is, as we have seen, that the agents of defendant in charge of the car by the exercise of ordinary care might have seen the child in time to have prevented its death, and that the child's position on or near the track in a place of danger was known to defendant's agent in charge of the car, or could by the exercise of ordinary care have been known to them in time to have stopped the car or slackened its speed and to have notified the child in time to have avoided its injury. The other allegation referred to is that, wherein the defendant's agents ran the car at such a high rate of speed, that the control of the car was lost and it was beyond the power of the brakes with which it was equipped to stop the same in time to have avoided the injury after they knew that the child was upon the track or by the exercise of ordinary care might have known that she was on the track.

The two allegations are inconsistent and both could not be true. In Raming v. Railroad, 157 Mo. l. c. 508, the court in speaking of a similar case said: "The

statements of the petition are so repugnant to each other, so heterogeneous in their makeup, that any amount of testimony brought forward to support them would necessarily be equally repugnant, and therefore amount to no support at all; one portion of the testimony would kill the other. The petition on its face is a *felo de se.*" There are numerous cases of similar import. [Sherman v. Rockwood, 26 Mo. App. 403; McKee v. Cottle, 6 Mo. App. 416; England v. Denham, 93 Mo. App. 13; Adams v. Trigg, 37 Mo. 141.]

And if the rate of speed was so great as to have rendered it impossible for the motorman to stop the car or slacken its speed by the exercise of ordinary care the defendant was not liable under the humanitarian rule. [Haley v. Railroad, 197 Mo. 15.] The cause was submitted to the jury alone on the theory of the humanitarian rule, although much evidence was introduced on the part of the plaintiff to the effect that the car was operated at a rapid rate of speed, the tendency of which was to show that the motorman did not see and could not have seen the peril of the child in time, by the exercise of ordinary diligence to have saved her from injury. This was a fatal error.

That part of the city where the child was run against and killed is thickly populated, most of the inhabitants being Italians some of whom saw the tragedy and were witnesses at the trial. Part of them spoke the English language with difficulty and others had to testify through interpreters. Their testimony is somewhat indefinite but they generally agree that the car at the time was running at a rapid rate of speed and that no bell was rung. All the evidence on both sides was that the child approached the track of the defendant from a point near an alley about the middle of the block. She started to cross the street from the south side going somewhat in a northeast direction. The curb was shown to have been not more than ten feet from the south

track of the railway. Fifth street at the place mentioned is almost level for some distance west from the place where the child was struck and the car could have been seen for several blocks away. Not one of plaintiff's witnesses stated at what distance the car was west of the place where the child started from at the curbing to cross the street except one by the name of Camille Farend, who was sitting in the door of her millinery store on the south side of the street. She testified that from her position she could see the car coming from the west then about twenty or thirty feet away at which time it was about twenty feet from the child. She does not locate the position of the child with reference to the track whether nearer to it or to the curbing.

Had the motorman been looking ahead he could have seen the child as she approached the track. At any time after she left the curbing she was less than ten feet from the track and near danger; and if her actions indicated that she was not aware of her peril it was the duty of the motorman to have used all reasonable diligence to stop the car or lessen its speed to avert the peril, and if by so doing he could have avoided striking her, but failed in that duty, the defendant would be liable. But there was no evidence that there was any action upon the part of the child to indicate that she was unaware of her danger in time for the defendant's motorman to have avoided striking her. The mere fact that a person is on the street with the evident purpose of crossing it while a car is approaching is no evidence in itself that he intends to place himself in a position of peril. [Reno v. Railroad, 180 Mo. 469.] While plaintiff's evidence fails to show that the motorman in charge of the car was guilty of negligence after he discovered or should have discovered the child's peril in time to have averted the danger, the defendant's evidence shows affirmatively that he was not guilty of any dereliction of duty whatever.

Several witnesses of respectable vocations and not in the employ of the defendant testified that they saw the child start from the sidewalk when the car was not more than fifteen or twenty feet away and suddenly attempt to cross the track when she was struck. The witnesses' statements were to the effect that the car was running at a moderate rate of speed. Except as to the rate of speed there is no greater conflict between the plaintiff's and defendant's witnesses as to what they observed, than there was between different witnesses among themselves on the respective sides of the case. And all the witnesses who testified as to the conduct of the motorman agree that he promptly attempted to stop the car as soon as the peril of the child was discovered. The motorman testified that the car was going at a speed of eight or nine miles an hour as it approached the place in question; that he saw the child start from the sidewalk, when the front end of the car was about twelve feet distant at which time he rang the bell and applied the brakes; and that she was running at the time and was caught by the fender of the car. Some of the witnesses on both sides testified that she was running at the time she was struck.

When we come to consider the admitted facts that the outer edge of the sidewalk was not more than eight feet from the body of the car and the further fact that the child was running, it is apparent that the car could have been but a short distance away when she left the curb in order to have caused the two to come together. And it is evident from the testimony not only of the motorman but of those who saw what happened that no effort however great upon the part of the motorman could have avoided the tragedy after the discovery of the peril of the deceased.

The plaintiff's counsel in their brief and argument have utterly failed to point out any evidence whatever to

indicate that the defendant by any degree of diligence could have avoided striking the child. In the consideration of this case, on account of the age of the deceased we have not imputed to her any negligence whatever. It follows from what has been said that the cause is reversed.