HERMAN F. NIPPER et al., Appellants, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, June 6, 1910.

1. **NEGLIGENCE: Separate Grounds of Recovery: Humanitarian Doctrine: Excessive Speed: Inconsistent Instructions.** Plaintiffs' child was killed by one of defendant's cars. Plaintiffs sued defendant therefor, their petition charging that the death was caused by the operation of said car at an excessive rate of speed, and also stating a cause of action under the humanitarian doctrines. Plaintiffs offered evidence tending to support each of these issues, and the court submitted each of these questions in proper instructions given on behalf of plaintiffs. The court erred in instructing the jury on behalf of defendant that if plaintiffs or the deceased were negligent plaintiffs were not entitled to recover.

2. ———: ———: ———: ———. To the cause of action for negligently running the car at an excessive rate of speed contributory negligence is a defense. But as to the cause of action under the humanitarian doctrine the negligence of the injured person that contributed to place him in a position of peril would constitute no defense, since, regardless of the question of whose fault produced the peril, the operator of the threatening instrumentality must do all that would be expected of a reasonably careful and humane person in his situation to avoid injuring the endangered person.

3. ———: ———: ———. Where plaintiffs' instructions submit the issue of contributory negligence, plaintiffs cannot be heard to say the issue is not in the case because that defense was not pleaded.

Appeal from Jackson Circuit Court.—*Hon. Wm. B. Teasdale*, Judge.

REVERSED AND REMANDED.

*Frank P. Walsh* and *E. R. Morrison* for appellants.

(1) Defendant's first instruction ignores the last chance doctrine. Davis v. Mann, 10 M. & W. 546; Huelsenkamp v. Railroad, 37 Mo. 537. (2) Defendant's seventh instruction is opposed to every principle of the last chance doctrine. Waddell v. Railroad, 113 Mo. App. 685; Cole v. Railroad, 121 Mo. App. 612; Eppstein v. Railroad, 197 Mo. 737.

*John H. Lucas* and *C. S. Palmer* for respondent.

(1) Appellants cannot complain that respondent's first instruction submitted the issue of plaintiffs' contributory negligence, where appellants in two instructions submitted the same issue. Olferman v. Railroad, 125 Mo. 408. (2) There was no error in defendant's instructions Nos. 1, 4 and 7, because they did not refer to the last chance doctrine. It is sufficient if all the instructions taken together present the issues justified by the pleadings and the evidence. Owens v. Rail-

road, 95 Mo. 169; Hughes v. Railroad, 127 Mo. 447; State ex rel. v. Hope, 102 Mo. 410; Heinzle v. Railroad, 213 Mo. 102; Cornovski v. Transit Co., 207 Mo. 275.

JOHNSON, J.—This is a statutory action prosecuted by plaintiffs, who are husband and wife, to recover five thousand dollars as a penalty for the alleged negligent killing of their seven-year-old son, Herman Albert Nipper, by a street car operated by defendant on Fifth street in Kansas City. The answer was a general denial and a plea of contributory negligence on the part of the child. A trial to a jury resulted in a verdict and judgment for defendant. An appeal was allowed plaintiffs to the Supreme Court but under the recent act of the Legislature increasing the jurisdiction of the courts of appeals, the cause was transferred to this court. The petition alleges "that the death of said Herman Albert Nipper was directly occasioned by the negligence, carelessness and unskillfulness of the defendant, its agents, servants and officers whilst running, conducting and managing said electric car as aforesaid, in the following respects, to-wit:

1st. The said agents, servants and officers of the defendant in charge of said car, negligently, carelessly and unskillfully ran the same against, upon and over the body of the said Herman Albert Nipper.

2nd. The agents, servants and employees of the defendant in charge of said car as aforesaid were negligently and carelessly running the same at an excessive high and dangerous rate of speed.

3rd. The said agents, servants and employees of the defendant in charge of said car as aforesaid negligently and carelessly ran the same against, upon and over the body of the said Herman Albert Nipper without giving to said Herman Albert Nipper any signal warning of the approach of said car.

4th. That said Herman Albert Nipper at and immediately prior to his death was in the act of approach-

ing, upon and near defendant's said track in a position of imminent peril and the agents, servants and employees of defendant in charge of said car as aforesaid knew, or by the exercise of ordinary care would have known, of his presence upon and near said track and of his perilous position in time to have stopped or slackened the speed of said car and have avoided injuring him, but negligently and carelessly failed to do so."

The evidence of plaintiffs tends to show the following facts: The boy was killed about 7:30 p. m., September 5, 1901, on Fifth street between Campbell and Harrison streets. That part of the city is thickly populated by working people and plaintiffs and their seven children lived about a block from the scene of the tragedy. The boy had gone out to play, but his parents did not know he was playing in and near Fifth street. He had been cautioned not to play there. Defendant's street railway on Fifth street consisted of two tracks running east and west in the middle of the street. The south track was used for eastbound cars, the north track for cars going in the opposite direction. Plaintiffs' son, who was a bright boy seven years and seven months old, was playing in the street with a number of other children. He started to run across the street from the sidewalk on the south side and, without looking towards the west, reached the south track and had nearly crossed it when he was struck by an eastbound car and killed. The car was running fourteen to sixteen miles per hour and the motorman did not ring the bell or make any effort to stop before the boy was struck. The motorman was talking to a policeman who was standing in the front vestibule and was not looking ahead. When the child left the curb, the car was fifty to sixty feet away and had the motorman been looking, he could have seen that the boy was unwittingly running into danger, and could have prevented a collision either by checking the speed of the car or by sounding a warning with the bell.

The evidence of defendant contradicts that of plaintiffs on every material issue. It shows that the motorman was looking ahead and had not suffered his attention to be diverted; that a west-bound car had just passed; that the boy came from the north side of the street and suddenly emerging from behind the west-bound car ran in front of the east-bound car and was struck before anything could be done by the motorman to save him; that the bell was rung as the two cars passed and that the speed of the car was from three to five miles per hour.

At the request of plaintiffs, the court gave the following instructions to the jury:

"1. The jury are instructed, that it was the duty of the defendant's motorman in charge of the electric car mentioned in evidence to keep a vigilant watchout ahead for persons either upon or approaching the track upon which the car in question was running, and when discovered in danger, to use all reasonable effort, consistent with the safety of the passengers to avoid striking and injuring them.

"2. You are further instructed, that if you believe and find from the evidence that Herman Albert Nipper, the child of the plaintiffs, became in a position of imminent peril of being struck by the electric car mentioned in evidence while upon, in close proximity to, or approaching the track upon which said car was running and that the motorman of the defendant operating said car saw him in such position of danger, or by the exercise of reasonable care would have seen him, in time to have slackened the speed of said car or stopped the same and avoided striking and injuring the child, but negligently and carelessly failed to do so, thereby striking him and inflicting injuries upon him from which he died, then your verdict must be for the plaintiffs.

"3. The jury are instructed, that if they believe and find from the evidence that the agents, servants and employees in charge of the electric car in question

were carelessly and negligently running the same at an excessive and dangerous rate of speed and that on account thereof the said car ran upon, against and over the body of Herman Albert Nipper, the child of the plaintiffs, inflicting injuries upon him which caused his death, then your verdict must be for the plaintiffs, unless you further find from the evidence that the deceased, Herman Albert Nipper, was himself guilty of contributory negligence, or that the plaintiffs were guilty of contributory negligence as defined by the other instructions," etc.

On behalf of defendant, the following instructions were given:

"1. If the plaintiffs were guilty of negligence of any character directly contributing to the death of the deceased, then they cannot recover.

"2. The motorman was not required to stop the car or attempt to stop the same because he saw or might have seen the deceased approaching the track or on the track; he had a right to assume that if the deceased was approaching the track he would not go on the same in front of the approaching car, and that if he was on the track, that he would get off of the same before the car reached him, and the motorman was not required to attempt to stop the train until such time as he saw the deceased in a position of peril—that is, until such time as he saw or might have seen that the deceased, if on the track, would not be able to get off, and if approaching the track that he intended to go on the same, and if thereafter it was too late to stop the train by the use of the appliances at hand in time to avoid striking the deceased, then there can be no recovery herein and your finding will be for the defendant.

"3. If the death of the deceased was occasioned by an inevitable accident, then there can be no recovery herein and your finding will be for the defendant.

"4. If the deceased was guilty of negligence directly contributing to his death, then there can be no

recovery herein and your finding will be for the defendant.

"5. The court instructs the jury that if they believe from the evidence that the employees of defendant in charge of the car in question used ordinary care in the management of said car at and near the place where the deceased was injured, and that as soon as they saw the deceased in a position of danger, or by the exercise of ordinary care might have seen that he was in danger, they used such care and caution in stopping said car to avoid injury to said deceased, as a person of ordinary care and prudence would have exercised under like and similar circumstances, then the verdict of the jury must be for the defendant.

"6. The court instructs the jury that the employee of the defendant company owed to the deceased only that degree of care which an ordinarily careful and prudent person engaged in the same business would have exercised under like and similar circumstances; and if the jury believe from the evidence that the employees of the defendant company exercised such care, then the jury will find their verdict in favor of the defendant.

"7. It was the duty of the deceased to exercise reasonable care for his own safety—that is, such care as a person of like age and situation would exercise under like circumstances. Therefore if you believe from the evidence that the deceased ran in front of a moving car without looking to see whether the car was approaching, and was struck by the car while attempting to cross the track, and that such conduct was negligence on his part, then there can be no recovery herein and your finding will be for the defendant.

"8. Even though you should believe that the employees in charge of the train failed to ring the bell, this alone does not authorize you to find a verdict for the plaintiff.

"9. Although you may believe from the evidence that the train was run at a dangerous rate of speed, this alone does not authorize you to find a verdict for the plaintiff," etc.

Plaintiffs' second instruction submitted the issue of negligence under the "humanitarian rule" and omitted any reference to contributory negligence, while in the third instruction, the issue of negligence in running the car at excessive speed was submitted and the jury were told plaintiffs could not recover on that issue if either they, or their child were guilty of contributory negligence. The hypotheses of these instructions are grounded in substantial evidence adduced by plaintiffs; are consistent and are correct interpretations of the law of negligence. The negligence submitted in the third instruction related to the production of the peril of the child and as to such negligence, contributory negligence is a good defense. [Grout v. Railway, 125 Mo. App. 552.] But as to negligence under the humanitarian rule, the negligence of the injured person that contributed to place him in a position of peril would constitute no defense, since, regardless of the question of whose fault produced the peril, the operator of the threatening instrumentality must do all that would be expected of a reasonably careful and humane person in his situation to avoid injuring the endangered person. The court took a proper view of the law in including contributory negligence in the hypothesis of the third instruction and in omitting it from that of the second.

But we think the court erred in giving the first, fourth and seventh instructions asked by defendant. Plaintiffs make the points that the answer does not plead contributory negligence on their part and that there is no evidence of such negligence, but they voluntarily submitted that issue in the instructions given by the court at their request and, therefore, are bound to stand in the appellate court on the ground they selected in the trial court. Though the instructions cor-

rectly state a familiar rule of negligence law, they are confusing and misleading as applied to the issues of the present case. They do not restrict, as they should, the scope of the defense of contributory negligence, but improperly extend it to include negligence under the humanitarian rule. In effect the court said to the jury: "Though you may believe from the evidence that the motorman saw or should have seen the peril of the child in time to have avoided the injury, still, if you believe that either the child was negligent in running on the track, or that his parents were negligent in allowing him to play on a busy street, then defendant is not liable for the injury." If such were a correct statement of the law, we would have no "humanitarian doctrine." The error was clearly prejudicial and requires that the judgment be reversed and the cause remanded.

It is so ordred. All concur.