HENRY W. WELLAND, Appellant, v. METROPOL-ITAN STREET RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, June 13, 1910.

1. **PRACTICE: Instructions: Common Error: Humanitarian Doctrine.** At the request of plaintiff, who had a cause of action under the humanitarian doctrine, the court gave an instruction authorizing a finding for plaintiff if the jury found certain facts to be true. This instruction required the jury to find among other things that plaintiff "was not guilty of any negligence directly contributory to his injuries." In such case plaintiff waived his right to complain that defendant's instructions authorized a verdict for defendant if plaintiff was guilty of negligence directly contributing to cause his injuries.

2. ——: ——: ——. Defendant's instructions in this case did not erroneously state the law with reference to the question of contributory negligence.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Botsford, Deatherage & Creason* for appellant.

(1) The court erred in giving defendant's instructions Nos. 2 and 3. Rapp v. Transit Co., 190 Mo. 144; Hilz v. Railroad, 101 Mo. 36; Fielder v. Railroad, 107 Mo. 645; Kellny v. Railroad, 101 Mo. 67; Hanlon v. Railroad, 104 Mo. 389; Morgan v. Railroad, 159 Mo. 262; Klockenbrink v. Railroad, 172 Mo. 685. (2) The court erred in giving defendant's instruction No. 4. Flucks v. Railroad, 122 S. W. Rep. 348; — Mo. ——; Glaser v. Rothchilds, 221 Mo. 180; Coffey v. City, 186 Mo. 583; Felver v. Railroad, 216 Mo. 195; Ency. Pl. and Pr., pp. 116 and 190, and cases cited.

*John H. Lucas* and *Frank G. Johnson* for respondent.

JOHNSON, J.—This is an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. The jury returned a verdict for defendant and the cause is before us on the appeal of plaintiff.

The injury of which complaint is made occurred early in the morning of July 27, 1906, on Walnut street between Fifth street and Missouri avenue in Kansas City. A double track street railway line is operated by defendant along the middle of Walnut street, the course of which is north and south. The east track is used by north-bound cars and one of such cars inflicted the injury. The block between Fifth street and Missouri avenue is largely occupied by commission merchants. Plaintiff, a retail grocer, had been purchasing supplies that morning. He had backed his

wagon—a one-horse light delivery wagon—to the curb
on the east side of Walnut street in front of a com-
mission house numbered 511. There was a row of
wagons backed to the curb and plaintiff's wagon was
one of this row. The horses faced west and their heads
were so close to the east car track that they had to turn
them aside when a car passed. As a rule, cars were run
slowly past the horses, but witnesses for plaintiff tes-
tify that on the occasion under consideration, the car
ran faster than usual. Plaintiff had finished loading
and started forward across the track. His evidence is
to the effect that just before starting he looked south
and saw the car at Missouri avenue, one hundred and
fifty or two hundred feet away, moving slowly. Plain-
tiff testified: "I got on the track when I saw the car
coming. I was on the track with the front wheels of
the wagon and the horse. The front wheels had gone
out. I got on the first rail and the horse was on the
track, too. It was a small horse and a big load and
a lazy horse and I had to whip the horse. I couldn't
get him along very well, and I couldn't back him be-
cause I had too big a load and it was all done so quick
I couldn't get off the track." The car struck the wagon
on the front wheel with enough force to topple plaintiff
off the seat into the fender of the car. Plaintiff states
that instead of running slowly, the motorman increased
the speed of the car and bore down on him at higher
speed than that usually maintained by cars while run-
ning in that block.

Summarized, the evidence of plaintiff tends to
show that the motorman negligently ran the car at a
dangerous rate of speed, and further, was negligent in
not stopping after he saw or should have seen that
plaintiff was in danger. The evidence of defendant
tends to show that the car was being run slowly and
that plaintiff negligently drove out from the row of
wagons and into danger when the car was so close that

nothing could be done by the motorman to avoid the collision.

The petition pleads ordinary negligence and negligence under the humanitarian rule as the proximate causes of the injury and, as we have shown, the evidence of plaintiff tends to sustain both charges, while the evidence of defendant exculpates the motorman from blame and throws the sole responsibility for the injury on plaintiff. At the request of plaintiff, the court submitted the issues of negligence to the jury in the following instruction:

"The court instructs the jury that if you believe from the evidence that on or about the 27th day of July, 1906, plaintiff was on Walnut street, near the junction of Walnut street with Fifth street in Kansas City, Missouri, with his wagon and horse hitched thereto, and that defendant, Metropolitan Street Railway Company, on said date owned and operated, through its agents, electric cars along said Walnut street from Thirteenth street north to Fifth street in said Kansas City, and if you further believe from the evidence that said cars were operated and moved on and along tracks owned by defendant over said portion of said Walnut street by means of electric power by motormen in the employ of said defendant, and if you believe from the evidence that on said date plaintiff while in his said wagon was driving across said Walnut street, and that after his said horse and wagon came upon the north-bound track owned by defendant and on said Walnut street near said Fifth street, and while said horse and wagon were still on said north-bound track, defendant, by and through its motorman in charge of one of its north-bound cars on said north-bound track caused said car to approach plaintiff's said horse and wagon while plaintiff was in said wagon, and if you further believe from the evidence that said motorman saw, or by the exercise of ordinary care could have seen, plaintiff's said horse and wagon and plain-

tiff thereon on said track in front of said north-bound
car in a perilous position and in danger of being struck
by said car, in time to have stopped said car by the
exercise of ordinary care before the said car collided
with plaintiff's said wagon, and if you further find
from the evidence that defendant's said motorman did
fail to stop said car after he saw, or by the exercise of
ordinary care could have seen, plaintiff and plaintiff's
horse and wagon on said track in front of said car in
a perilous position and in danger of being struck by
said car, and that by reason of said negligent act of
said motorman, if you find such to be the fact, said
car collided with plaintiff's said wagon with such force
as to throw plaintiff therefrom upon the fender of said
car, and that as a result thereof plaintiff was severely
injured in his back, neck and spine and in his left leg
and his right wrist and thereby rendered sick and sore
and lame and unable to do the work usually performed
by him as a grocer, and if you further find from the
evidence that plaintiff was not guilty of any negligence
directly contributing to said injuries, if any, then you
are instructed that your verdict should be for the plain-
tiff.''

The only errors assigned by plaintiff relate to the
second, third and fourth instructions given to the jury
at the request of defendant, as follows:

"2. The court instructs the jury that the degree
of care to be exercised by plaintiff and defendant was
exactly the same. The plaintiff was bound to exercise
ordinary care to avoid being injured; and the defend-
ant was bound to exercise ordinary care to avoid in-
juring plaintiff, and by 'ordinary care' as used in these
instructions is meant such care as would be exercised
by an ordinarily careful and prudent person, under
the same or similar circumstances.

"3. The court instructs the jury that it is the duty
of a person before driving upon a street car track over
which street cars are being operated to use ordinary

144 App—14'

care to ascertain the approach of cars and avoid injury therefrom, and if a person fails to exercise such care and such failure, if any, on his part, either directly causes or directly contributes to his injury, then such person is himself guilty of negligence, as defined in these instructions.

"4. The court instructs the jury that if you find and believe from the evidence that plaintiff's horse and wagon were standing still in the street facing the car track, at a safe distance therefrom, and that the motorman on defendant's car saw the plaintiff's horse and wagon in such position, he had a right to presume that plaintiff would remain in a safe position, if he was in such position, and that he would not drive or attempt to drive upon the defendant's car tracks so close in front of an approaching car as to be in danger of being struck by such car, and if you find and believe from the evidence that plaintiff did so drive upon said car tracks and that after it was apparent that he was about to so drive upon said tracks in front of an approaching car, the motorman thereof saw, or by the exercise of ordinary care could have seen that plaintiff was apparently about to so drive upon said tracks, he then used ordinary care to avoid colliding with plaintiff's wagon, your verdict will be for the defendant."

The objection to the second instruction is that it ignores the issue of negligence under the humanitarian rule. The main authority cited by plaintiff in support of this contention is the case of Rapp v. Transit Co., 190 Mo. 144. There the defendant asked an instruction directing a verdict for defendant on the hypothesis that the plaintiff had been guilty of contributory negligence. The trial court modified the instruction by adding the clause "provided you further find that the defendant by the exercise of ordinary care and prudence could not have avoided the collision after it discovered plaintiff's perilous position." There was evidence tending to prove the fact submitted in the modi-

fication, and the Supreme Court held that no error had been committed by the court in thus modifying the instruction. To the same effect was our decision in the recent case of Nipper v. Railway, 129 S. W. 439.

But there are two sufficient reasons for holding the present instruction vitally different from those considered in the cases cited. First, the instruction now being considered does not direct a verdict and, therefore, it does not tell the jury that contributory negligence would be a defense to "last chance" negligence. It merely announces the fundamental rule of law that plaintiff, to be without fault, was required to exercise ordinary care for his own safety. It would have been error had the instruction proceeded to say that the omission of plaintiff to observe such care would prevent his recovery in any event but defendant avoided such error and we find the instruction to be free from prejudicial error. Second, plaintiff's own instruction predicates his right to recover solely on the hypothesis that he was not guilty of contributory negligence and thereby plaintiff voluntarily eliminated "last chance" negligence from the debatable issues of fact and planted his cause on ordinary negligence alone. [Rectenwald v. Railway, 121 Mo. App. 595.]

No rule of practice is better settled that that which holds a plaintiff to the theory on which he submits his case to the jury. He is not permitted to blow hot and cold, to complain of the defendant for adopting his own theory of the issues. Though as an abstract proposition we had found the instruction erroneous in the respects claimed by plaintiff, yet we would hold the error common to both parties and, therefore, non-prejudicial.

What we have said sufficiently answers the other objections to defendant's instructions. Reasonably interpreted, instructions numbered 2 and 3 do not assume the existence of controverted material facts. The case was fairly tried and submitted to the jury.

The judgment is affirmed. All concur.