## JOHN B. INGLES, Respondent, v. METROPOLITAN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 13, 1910.**

1. **COMMON CARRIERS: Negligence: Pleading: Sufficiency of Evidence.** In personal injury cases where the relation of passenger and carrier existed between plaintiff and defendant, and the injury resulted either from some defect in the instrumentalities employed in the transportation or from some act of omission or commission on the part of the servants of the carrier, a general allegation of negligence is all that is required in the petition. In such a case plaintiff makes a prima-facie case by showing an accident and the resultant injury. This is a rule which grew up out of necessity in cases of this character, and is an exception to the general rules of pleading and proof.

2. ————: ————: ————: ————. Where in such a case the plaintiff charges negligence specifically, he loses his right to invoke the rule of presumptive negligence, and must prove the negligence specified and his right to recover is restricted thereto.

3. ————: ————: ————: ————. Negligence may be proved by circumstantial evidence.

4. ————: ————: ————: ————. Where the sudden starting of a car must have been caused by one of two causes, the negligence of the motorman, or a defect in the appliances, and the evidence excludes any defect in the appliances, that cause is eliminated from the field of reasonable inference, and by exclusion leaves the other in full possession of the field, and authorizes a finding by the jury that the car was started by the negligence of the motorman.

5. **INSTRUCTIONS: Damages: Pleading: Proof.** Loss of earnings must be specially pleaded and proved. An allegation of past loss of earnings and permanency of injury will authorize a recovery for the loss of future earnings. Where proof of the value of lost time cannot be accurate the jury must be left to their common knowledge to measure the damages; but where such value of the lost time can be accurately measured, plaintiff must produce the necessary evidence. An instruction submitting such issue in the absence of such evidence is erroneous.

145 App—16

Appeal from the Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED AND REMANDED.

*John H. Lucas, F. G. Johnson* and *Charles N. Sadler* for appellant.

(1)   Where specific acts of negligence are pleaded, it devolves upon the plaintiff to prove the acts of negligence pleaded, and, if he recover at all, it must be on the specific acts of negligence pleaded, and not otherwise: Detrich v. Railroad, — Mo. App. —; Black v. Railroad, 217 Mo. 672; Beave v. Railroad, 111 S. W. 52; Kennedy v. Railroad, 128 Mo. App. 297; Kirkpatrick v. Railroad, 211 Mo. 68; McGrath v. Railroad, 197 Mo. 97, 105; Bartley v. Railroad, 148 Mo. 124; Ferry v. Railroad, 162 Mo. 75, 96; Ely v. Railroad, 77 Mo. 34; Bunyan v. Railroad, 127 Mo. 12.    (2)   The rule of *res ipsa loquitur* does not apply where the acts of negligence are specifically pleaded.   (See authorities above cited.)

*John I. Williamson* and *James T. Burney & Son* for respondent.

The record   shows that   after   the   defendant's car, in charge of its conductor and motorman, had come to a full stop and plaintiff was attempting to alight therefrom, the car suddenly   and   without   warning "lurched forward," throwing plaintiff out of the car. This made a prima-facie case of negligence as charged in the petition; and whether defendant's witnesses successfully disproved negligence on its part was a question for the jury.   Minster v. Railroad, 53 Mo. App. 276; McCarty v. Railroad, 105 Mo. App. 596; Ilges v. St. Louis Tr. Co., 102 Mo. App., 529; Raney v. Lachance, 96 Mo. App. 479; Buck v. Railroad, 108 Mo. 179; Redmon v. Railroad, 185 Mo. 1; Pratt v. Railroad, 122 S. W.

Rep. 1125, 1127; Latimer v. Railroad, 126 Mo. App. 70; Heiberger v. Tel. Co., 133 Mo. App. 459.

JOHNSON, J.—Plaintiff alleges that he was injured by the negligence of defendant and prays judgment for the resultant damages. The answer is a general denial and a plea of contributory negligence. Verdict and judgment were for plaintiff in the sum of fifteen hundred dollars, and the case is here on the appeal of the defendant.

The injury was inflicted about 6:15 p. m., December 16, 1906. Plaintiff was a passenger on an eastbound electric street car operated by defendant on its Independence avenue line in Kansas City and intended to alight at Olive street. He did not go into the car but stood in the rear vestibule. The conductor was informed of his desire to leave the car and caused it to be stopped at Olive street at the usual stopping place. In alighting, plaintiff fell to the pavement and received the injuries of which he complains. Thus far there is no controversy over material facts. Plaintiff testified that the car came to a full stop; that he was just in the act of stepping to the pavement when the car suddenly started forward and then stopped after running eight or ten feet, that he alighted on his feet, but the sudden motion of the car destroyed his balance and caused him to fall heavily rearward of the car. In other words, the forward lurch of the car had the effect of jerking his feet from under him. There is no evidence that the conductor signalled the motorman to start, nor is there any direct evidence that the motorman did start the car. The version of the injury presented by the evidence of defendant is that the car came to a stop and that in alighting, plaintiff accidentally fell forward to his hands and knees. All of the witnesses for defendant deny that the car started forward while he was alighting.

The negligence pleaded in the petition is that while plaintiff "was in the act of alighting and was still on the lower step of said car, stepping down therefrom with due care, and before he had reasonable time or opportunity to reach the ground from said car, defendant's servants in charge thereof carelessly and negligently, and without warning, caused said car to be started with a quick movement whereby the plaintiff was thrown from said car."

The first instruction given at the request of plaintiff submitted this alleged act of negligence as an issue of fact. Counsel for defendant argue that there is no evidence to support the instruction. This contention will be answered in what we shall say in disposing of the demurrer to the evidence, which defendant insists should have been given.

The main proposition in defendant's brief is that the petition charges specific negligence and the proof fails entirely to sustain such charge. The rule is well settled that in personal injury cases where the relation of passenger and carrier existed between the plaintiff and defendant and the injury resulted either from some defect in the instrumentalities employed in the transportation or from some act of omission or commission on the part of the servants of the carrier, a general allegation of negligence is all that is required in the petition. And in such cases the plaintiff to make a prima-facie case is required only to show "an accident and the resultant injury." [Roscoe v. Railway, 202 Mo. 1. c. 582.] Judge GRAVES said in the case just cited: "The rule of the presumptive negligence and the rule allowing the pleading of negligence generally, are rules which grew up out of necessity in cases of this character and are exceptions to the general rules of pleading and proof."

But the rule fails of application in a case such as the present where the plaintiff attempts to put his finger on the precise cause of his injury by alleging in

his petition the specific act or acts of negligence of which he complains. The Supreme Court has well stated the doctrine applicable to such cases in the following quotation from the opinion in Orcutt v. Century Building Co., 201 Mo. 424: "Courts draw a distinction between cases wherein general allegations of negligence are found and those wherein are found specific allegations of negligence. We refer now more particularly to cases wherein the relation of carrier and passenger exists. The rule which shifts the burden of proof in such cases is founded on the theory that the railway company is in position to know the facts and to show the facts, whilst the passenger is not in such position. But if the plaintiff by his petition alleges the exact specific acts of negligence, it is evidence that he also knows the facts, and so knowing them there is no reason for invoking the rule of presumptive negligence. The general rule, in cases other than the class above referred to, is that the plaintiff must establish his case by a preponderance of evidence, and in that class of cases the presumption of negligence is only indulged, in our judgment, for the reason aforesaid. However, if the plaintiff possesses knowledge of the facts, and is able to plead them specifically and in detail, the reason for the rule disappears, and with it the rule itself."

To the same effect was the decision of this court in Hamilton v. Railroad, 114 Mo. App. l. c. 509. Reverting to the petition we find that plaintiff chose to specify the negligence that caused the injury as the act of the operators of the car in causing it to start while he was alighting. There were other possible negligent causes to which the sudden lurch of an electrically propelled car might be attributed, as, for example, a defect in the appliances for turning on and shutting off the power. [Oborn v. Nelson, 141 Mo. App. 428.], and in specifying negligence of the operators as the proximate

cause, plaintiff restricted his right to recover to that cause and divested himself of all presumptive aid.

But at this point our views begin to diverge from those of the learned counsel for defendant. We think the evidence of plaintiff supports a reasonable conclusion that the motorman in his haste to go on prematurely turned on power and then, discovering his mistake, quickly shut it off. Plaintiff was not required to prove the ultimate fact of negligence by direct evidence, but might establish it by circumstantial evidence, and we find the facts and circumstances adduced do not necessitate recourse to conjecture to sustain belief in the existence of the precise negligence charged. If, as plaintiff contends, the car suddenly jumped forward and then stopped, the power must have been turned on and off by the motorman. The car could not start without application of the motive power and, as we have pointed out, the current could be turned on only in one of two ways, i. e., by the motorman or by some defect in the machinery or appliances. The evidence excludes the latter cause from the field of reasonable inference and by exclusion leaves the former in full possession of the field. We hold that plaintiff has not failed in his proof even by the rule invoked by defendant. The demurrer to the evidence was properly overruled.

The principal injury to plaintiff consisted of the partial and permanent disablement of his right hand. At the time of his injury, plaintff was fifty-seven years old and was employed at the "Hay Association Scales" as weighmaster. He lost time from his employment and it is fair to infer from the nature of the injury that he will suffer loss of earnings in the future. The evidence fails entirely to show what salary or wages he was receiving or what his earning capacity was.

The instruction on the measure of damages given at the request of plaintiff told the jury, in the event their verdict was for plaintiff, to take into account his

damages "for such permanent injuries, if any, as you may find was the direct result of said injuries and for such loss of earnings, if any, as you may believe from the evidence he has sustained in consequence of said injuries, if any, or will, in all reasonable probability suffer on account of such injuries, if any," etc. The petition alleges "that by reason of his said injuries he has suffered and will continue to suffer great bodily pain and mental anguish; that he has lost a great deal of time on account of said injuries, has been unable to obtain employment by reason thereof, and is permanently injured and crippled as a result of said injuries."

Damages for loss of earnings are treated as special and must be specially pleaded and proved if the plaintiff would recover them. Though the petition does not expressly allege loss of earnings in the future, the allegations quoted bring the issue of such damages within the rule announced by this court in Goodloe v. Railway, 120 Mo. App. l. c. 202, where we said "to allege that plaintiff's ability to earn money has been impaired, coupled with the statement that the cause that produced that result is permanent, is the assertion of the fact that the impairment likewise is permanent and, therefore, raises the issue of a permanent deterioration in earning capacity and satisfies the rule that loss of earnings, being in the nature of special damages, must be specially pleaded."

But we are compelled to hold that plaintiff has failed in his proof with respect to loss of earnings both past and future. It has been held repeatedly that "when the damages are susceptible of proof with approximate accuracy, and may be measured with some degree of certainty, they should not be left to the guess of the jury." [Slaughter v. Railroad, 116 Mo. l. c. 276.] As to occupations not compensated by definite salary or wages, proof of the value of the lost time of necessity cannot be accurate and the jury must be left largely to their common knowledge of the subject, but in this case, the

value of the lost time could be measured with accuracy and the necessary evidence should have been produced. The omission of plaintiff infects with reversible error the whole judgment, since it is impossible to ascertain what part of the judgment represents damages for lost earnings.

The judgment is reversed and the cause remanded. All concur.