JAMES H. GROUT, Respondent, v. CENTRAL ELECTRIC RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 7, 1910.**

1. **PRACTICE: Instructions: Prejudicial Error.** Where the only question at issue was whether or not plaintiff could recover under the humanitarian doctrine, an instruction given at request of plaintiff, to the effect that "the defendant in the operation of its cars (at a street crossing) possessed no rights superior to those which plaintiff possessed in driving his vehicle," constituted prejudicial eror.

2. ———: ———: ———. The giving of this instruction was prejudicial error, not only because it tended to confuse the jury by stating an abstract proposition of law, but because, though correctly stated, the rule was foreign to any issue of fact presented, and thus injected a false issue into the case.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Ben F. White* for appellant.

(1) The trial court erred in including clause numbered "second" in plaintiff's sixth instruction, for the reason that there was no evidence of "the impairment to plaintiff's earning capacity." Boyce v. Railroad, 120 Mo. App. 168; Mammerberg v. Railroad, 62 Mo. App. 563; Stoetzele v. Swearingen, 96 Mo. App. 592; Harwarth v. Railroad, 94 Mo. App. 215; O'Brien v. Loomis, 43 Mo. App. 29; Davidson v. Transit Co., 211 Mo. 320. (2) Under the facts in this case instruction number one for plaintiff was misleading and erroneous. Nellis on St. Ry. Accident Law, p. 271; Helker v. Railroad, 22 Wash. 319; Wilson v. Railroad, 77 S. W. 238; Markowitz v. Railroad, 186 Mo. 350. (3) The court erred in allowing Dr. Riegle to testify that

plaintiff had headaches which would be permanent. (4)   The court erred in overruling the objection to the question asked witness Satterlee as to the ordinary rate of operation of the cars at the point in question.   (5)   The court erred in sustaining objections to the testimony of Mrs. Williams.

*Rozzelle, Vineyard & Thatcher* and *House & Manard* for respondent.

(1)   The court did not commit material error in its instruction on the measure of damages.   A jury may use its own experience in estimating the value of personal services.   Wise v. Railroad, 198 Mo. 546; Stotler v. Railroad, 200 Mo. 107; Devoy v. Railroad, 192 Mo. 197; Loe v. Railroad, 57 Mo. App. 350; Mabrey v. Railroad, 92 Mo. App. 596.   The burden of showing facts in mitigation of damages is on the defendant.   Pond v. Wyman, 15 Mo. 175.   (2)   The giving of plaintiff's first instruction was neither erroneous nor material.   Wellman v. Railroad, 219 Mo. 126; Nepler v. Woodward, 200 Mo. 179.   No error was committed in admitting the testimony of plaintiff's physician. (3)   The admission of evidence as to the ordinary rate of speed of defendant's cars was neither erroneous nor material.   Dwyer v. Railroad, 108 Mo. App. 152; State to use v. Johnson, 1 Mo. App. 219; Harrison v. Lakenan, 189 Mo. 581; Sheehan v. Railroad, 72 Mo. App. 524; Taussig v. Wind, 98 Mo. App. 129.   (4)   The rejection of the evidence as to the possible effect of possible conditions was proper, and no showing was made as to what the testimony would have been.   St. Louis v. Babcock, 156 Mo. 148; Ashby v. Elsberry, etc., Co., 111 Mo. App. 79.

JOHNSON, J.—Plaintiff, injured in a collision between a wagon in which he was riding and a street car operated by defendant, claims in his petition that

his injuries were caused by negligence of defendant in the operation of the car. The case was before us on a former appeal of defendant from a judgment of one thousand dollars, recovered by plaintiff, and we reversed the judgment and remanded the cause for a new trial (125 Mo. App. 552). We held that the evidence of plaintiff disclosed that negligence of his own contributed to place him in the way of the street car, that the evidence would support no other cause of action than one founded on a breach by defendant of its "humanitarian" duty to plaintiff and that since the petition failed to plead sufficiently a violation of such duty, the court erred in not sustaining a demurrer to the evidence. On the return of the case to the circuit court, plaintiff filed an amended petition stating a cause under the humanitarian doctrine. Defendant answered and the only issue of negligence raised by the pleadings and contested in the evidence was whether or not the operators of the car saw or should have seen the peril of plaintiff in time to have avoided the injury had they exercised reasonable care. The jury returned a verdict for plaintiff in the sum of five thousand dollars, and after unsuccessfully moving for a new trial and in arrest of judgment, defendant brought the case here by appeal.

Two of the instructions given at the request of plaintiff (the first and the sixth) are the subjects of adverse criticism in the brief of counsel for defendant. They are as follows:

"(1) The court instructs the jury that the defendant, in the operation of its cars on Tenth street at its intersection with Tracy avenue, possessed no rights superior to those which the plaintiff possessed in driving his vehicle along Tracy avenue at its intersection with Tenth street."

"(6) You are instructed that if you find for plaintiff, in arriving at the amount of your verdict, you may take into consideration:

"First. The pain of body and mind, if any, which the evidence shows plaintiff has suffered by reason of the injury, if any, or that he will suffer in the future.

"Second. The impairment to plaintiff's earning capacity, if any, which you believe from the evidence has resulted from such injury, if any.

"Third. Any reasonable sum of money necessarily expended or incurred for physician, nurse hire and medicines in endeavoring to be healed of his injuries, if you believe from the evidence he expended or incurred any such sum of money, but for such physician, nurse hire and medicines the amount must not exceed two hundred dollars.

"And you will allow him such a sum as you believe from the evidence will be a reasonable and just compensation for such matters, not exceeding, however, the sum of ten thousand dollars altogether."

The first instruction contains nothing but the declaration of an abstract proposition of law. Such instructions should be avoided on the ground of their tendency to confuse and mislead the jury. The function of the jury is to decide issues of fact not to pronounce the law nor to apply the law to the facts. An instruction which fails to make application of the rule of law declared to a given hypothesis of fact is subject to the criticism that it invests the jury with the performance of a duty that does not belong to them. Frequently, however, appellate courts allow such instructions to pass in cases where the court is satisfied that the error was not prejudicial. Such, in effect, was the view we entertained in the recent case of Welland v. Street Railway, 129 S. W. 441.

In the present case we think the error was prejudicial. The rule declared in the instruction, though sound, was foreign to any issue of fact presented by the pleadings and evidence. The question of whether or not the street railway company had a superior or only an equal right to the use of the crossing to that

possessed by plaintiff was discussed in our former opinion as germane to the issues of the negligence of defendant and the contributory negligence of plaintiff in the production of the perilous situation of plaintiff, but it could have no relation to the duty of the operators of the car, under the humanitarian doctrine, to make reasonable efforts to avert the injury after they discovered, or should have discovered, that plaintiff was in peril and was ignorant of his danger. As stated, that was the only issue of fact in the case at the last trial and it was error for the court to pronounce a rule of law unrelated to that issue. The misleading effect of such error was the injection of a false issue into the case. The evidence indisputably established contributory negligence as an active factor in the production of the peril of plaintiff; nowhere in the other instructions of plaintiff was the fact of such contributory negligence admitted and the only purpose plaintiff could have had in asking the instruction was to convey to the minds of the jury the idea that it was an open question whether or not the peril of plaintiff was caused by the assertion, on the part of the operators of the car, of a superior right to the use of the crossing, and this was its obvious effect.

Further we find that in the second clause of the sixth instruction the element of damage submitted is unsupported by evidence. What was said by the Supreme Court in the case of Davidson v. Transit Co., 211 Mo. 320, about a similar instruction is appropriate and decisive. See, also, the opinion of this court in the recent case of Ingles v. Railway, 129 S. W. 493, —— Mo. App. ——. The judgment is reversed and the cause remanded. All concur.