JAMES H. GROUT, Respondent, v. CENTRAL ELECTRIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 3, 1913.

1. HUMANITARIAN RULE: *Concurring and Contributory Negligence.* In an action brought for an injury under the humanitarian doctrine, neither contributory nor concurring negligence, though continuing up to the catastrophe, is a defense. This is an exception to the rule that contributory or concurring negligence will bar an action by the injured party. Holwerson v. Railway Co., 157 Mo. 216, discussed in light of Murphy v. Railroad, 228 Mo. 56.

2. ———: ———: Excessive Verdict. After three verdicts for the plaintiff, the second being for as great a sum as the present judgment, and the last being for more, with a remittitur down to the same as the second, the court declined to interfere further.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*John H. Lucas* for appellant.

*Rozzelle, Vineyard & Thacher, House & Manard* and *W. J. Allen* for respondent.

ELLISON, P. J.—This action was instituted to recover damages for personal injury sustained by plaintiff by defendant running into his wagon at a street crossing. This is the third appeal to this court, the others being found reported in 125 Mo. App. 552, and 151 Mo. App. 330. We refer to those reports for a full statement of the nature of the case from the beginning. At the last trial the only case claimed by plaintiff was under the humanitarian rule. Under that rule there was sufficient evidence to entitle him to go to the jury and we will address ourselves to complaints against the action of the court on instructions.

The chief objection is to No. 2, given for plaintiff. That instruction declared, in effect, that though plaintiff was guilty of contributory negligence in approaching and driving upon the track, yet if defendant's motorman saw his peril, or by ordinary care might have seen it, in time to have stopped the car or checked its speed so as to have avoided a collision with plaintiff's wagon; and if he did not do so, and in consequence collided with the wagon and plaintiff was thrown to the ground and hurt, the verdict must be for the plaintiff, "*unless you should further find and believe from the evidence that plaintiff was himself guilty of such want of care for his own safety as to amount to a wilful or wanton exposure of life or body to the perils of such collision.*"

Defendant's objection is that the part quoted in italics cuts off any consideration by the jury of plaintiff's contributory or concurring negligence and directs that only wanton or wilful conduct on the part of plaintiff will prevent his recovery. Stated differently, defendant's position is that in a case based upon the humanitarian rule, the railway company may defend on the ground that while it was guilty of negligence, plaintiff was guilty of such contributory negligence as continued up to the catastrophe and concurred in bringing it about. Defendant cites Holwerson v. Railroad Co., 157 Mo. 216, and the opinion in that case does support defendant's contention. But by reference to the close of the opinion it will be seen to be but an expression of the individual view of the judge who wrote it, and is not the expression of the court. And by reference to Murphy v. Railroad, 228 Mo. 56, 80, it will be seen that such view, and others of like nature, are disavowed.

The rule now understood to have the sanction of our Supreme Court is that neither comparative nor concurring negligence has any place in determining liability in cases based on the humanitarian rule. The general rule is conceded, "that an injury that is the joint product of negligence of the tort feasor and contributory negligence of the injured party, is not actionable." But this concession, says the Supreme Court, does not militate against the soundness of the humanitarian doctrine; for it exists by way of exception to that rule. [Murphy v. Railroad, supra, 80, 81.] The instruction therefore rightfully declared, in effect, that plaintiff's contributory negligence was not a defense; and the jury were left to say whether defendant's servants saw, or might have seen in ordinary care, the peril in which plaintiff had negligently placed himself, in time to have saved him by the use of ordinary care; and if they did, to find for him. The

169 Mo. App.—39

part of the instruction above quoted in italics, we will not further discuss, since whatever limitation it imposed was upon the plaintiff, and of that, as we have seen, defendant has no right to complain. As stated by counsel, it offered defendant an avenue of escape but did not increase its burden.

There was no error in refusing instructions offered by defendant. Those given fully cover the case and leave nothing which could be desired within legal limits. The refusal of No. 4, as to speed, was proper.

Finally defendant asserts the verdict to be excessive, even as reduced. It was for $7500, and a remittitur was entered for $2500, leaving a judgment for $5000, which is the amount of the verdict at the second trial. It is more than at the first, but we think under the evidence and in view of the action of the trial court in sustaining it, we should not further interfere. Hence the judgment is affirmed. All concur.