**124**

Cecil **LEFFERT** et al., Administrators or Representatives of Jordan Leffert, Deceased, Appellants,

v.

Carla Jean **SUMNER**, Respondent.

No. 57444.

Supreme Court of Missouri, Division No. 1.

April 8, 1974.

Motion for Rehearing or to Transfer to Court en Banc Denied May 13, 1974.

Morgan M. Moulder, Camdenton, for appellants.

Hendren & Andrae, by Kelly Pool, Jefferson City, for respondent.

LAURENCE M. HYDE, Special Commissioner.

Action by administrators of estate of Jordan Leffert, deceased, for $50,000 damages for personal injuries. Verdict and judgment for defendant. We have jurisdiction because notice of appeal was filed on December 15, 1971. We affirm.

Jordan Leffert was struck by a car (Volkswagen Coach) operated by defendant on U.S. Highway 54 in Camdenton. He was deceased at the time of the trial but his death did not result from injuries caused by being struck by defendant's car. The case was submitted under the humanitarian doctrine on failure of defendant to avoid injury to Leffert "by either slackening her speed or swerving or sounding a warning" after defendant "first knew or could have known" Leffert was in a position of immediate danger.

All evidence was from plaintiffs' witnesses, which included defendant called by plaintiffs' counsel. Defendant was driving east into Camdenton at 40 miles per hour (50 miles per hour speed zone) and saw Leffert standing in his driveway about 630 feet away. There was a truck across the highway from Leffert's driveway and it was shown that Leffert had arranged with

its driver to go into town with him. Leffert started to walk across the highway soon after plaintiff first saw him in his driveway. She sounded her horn and applied her brakes, slowing to 25 to 20 miles per hour. She said when Leffert got to the center of the highway he stopped, looked in her direction and took a step or two backward. She said she again sounded her horn. She was then about 165 feet from Leffert and was continuing to apply her brakes. She said that when she got about 60 feet from Leffert, he started to run across her lane of traffic and she swerved her car to the left but the right fender of her car struck him. At that time she said she had slowed to 15 to 20 miles per hour. It was agreed that at 15 miles per hour a car goes 22 feet per second and can be stopped in 28 feet; that at 20 miles per hour a car goes 29.4 feet per second and can be stopped in 43 feet; that at 25 miles per hour a car goes 36.7 feet per second and can be stopped in 58.7 feet; and that at 30 miles per hour a car goes 44 feet per second and can be stopped in 79 feet. It was also agreed that ordinary walking speed of an average man is 2.9 to 3.4 feet per second.

■ Plaintiffs' brief states only two points. Their first point is that the verdict is against the greater weight of the evidence and contrary to the law under the evidence. Plaintiffs recognize "that this assignment of error does not ordinarily present anything for review" because it is usually a matter to be decided by the trial court which saw and heard the witnesses and observed their demeanor. However, they ask for suspension of Rules 84.08 and 84.14, V.A.M.R. and that we consider this contention, claiming it was not decided by the trial court. Defendant points out that plaintiffs' motion for new trial did raise this issue; that it was taken under advisement by the trial judge; that briefs were submitted to the trial judge by plaintiffs and defendant; but that the motion for new trial was denied under Rule 78.04 because not passed on within 90 days. Under these

circumstances, it certainly does not appear that the trial judge found any merit in plaintiffs' contentions. Thereafter, plaintiffs were granted a special order of appeal. Plaintiffs' request for suspension of our rules must be denied. Furthermore, defendant's testimony, which the jury could properly believe, shows a very narrow zone of immediate danger, which the jury could properly find began only when Leffert (after stopping and stepping back from the center of the highway) started to run across defendant's lane of travel. See Dister v. Ludwig, 362 Mo. 162, 240 S.W.2d 694 (banc 1951); Smithers v. Barker, 341 Mo. 1017, 111 S.W.2d 47 (1937); Redden v. Boehmer, 223 S.W.2d 127 (Mo.App. 1949).

■ Plaintiffs' other claim of error is concerning the following statement and ruling during their counsel's argument to the jury:

"[By Mr. Moulder] Now, some people think when they get on the highway with an automobile they have a right to run up and down over anybody and anything that is in the way, you know.

"Now, a pedestrian walking upon the highway has just as much right out there as a person in an automobile.

"MR. POOL: I object to that, Your Honor. It is a misstatement of law.

"THE COURT: The objection is sustained, but you may argue your case and stay within the record. The Court has instructed the jury as to the law in the case. You may proceed."

Since this case was submitted only on negligence under the humanitarian doctrine, plaintiffs' argument about right of way was improper. In Grout v. Central Electric Ry. Co., 151 Mo.App. 330, 131 S.W. 891, 892 (1910), a plaintiff's judgment was reversed where the case was submitted solely on negligence under the humanitarian doctrine but plaintiff got an instruction to the effect that he had equal right of way with defendant at the intersection in-

volved. The court said it was error to pronounce a rule of law unrelated to the issue involved and "was the injection of a false issue into the case." See also Murphy v. St. Louis Public Service Co., 362 Mo. 772, 244 S.W.2d 31 (1951).

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.